UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND.

James J. Silva - vs A.T. Wall et al.

CASE # 05-109-S

Dear Clerk.

Enclosed please find pages -

- Cover,
- Prelude (1) (2)
- Supplemental pages (6)(5)(4)(3)(2)(1).
- and a Certification.

I sent the 24 page motion filed in the Providence Superior Court to be photo-copied, but, Correctional Officer Raposa intercepted it, allegedly sent it to Deputy Warden David Caruso and I am having a hard time getting it back.

As soon as I do I will forward it to this Court and defendants.

Please remember that these go together.

RECEIVED
MAR 25 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

3-21-05

Thank you,

James J. Silva

James J. Silva - 66330
FSC. H-225- Bottom.
PO. Box 8249
Cranston, RI
02920

(3)

COVER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

James J. Silva CASE # 05-109-S

V.

A.T. Wall, Director of Prisons;
Attorney Generals, Patrick Lynch and
Steven Regine; Judge Michael Higgins;
Judge Elaine Bucci; Judge Moore; and
Magistrate William MacaTee, eT, al.

## Civil Complaint § 2254

On or about March 6th 2005, This Petitioner filed a §2254 petition with This Honorable U.S. District Court seeking pre-Trial Habeas Corpus Relief and an injunction preventing The STate of Rhode Island and The Office Of The Attorney General from placing him Twice in Jeopardy for The Same offence.

Enclosed please find a complete copy of The Civil Complaint, facts and Travel, and Memorandum of law which has been served upon Defendant's Counsel, Michael B. Grant and Attorney General Patrick Lynch and/or Steven Regine.

DATED MARCH 15th, 2005. James J Silva.

Prelude 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

James J. Silva, et, al. CASE # 05-109-S

v. Lower Court #S

A.T. Wall, Director of Prisons; 6204-14367

Attorney Generals Patrick Lynch and 6204-18930

Steven Regine; Judge Michael Higgins; P204-3106A

Judge Elaine Bucci; Judge Moore; and P205-0362A

Magistrate William Macatee, et, al.

Complaint, Affidavit, Facts and Travel, and Memorandum of Law, Motion for Class Action Pursuant To Rule 23.

Now comes The Petitioner, James J. Silva, and hereby moves This Honorable U.S. District Court for The District of Rhode Island for pretrial Habeas Corpus Relief and an Injunction preventing The State of Rhode Island from placing him in jeopardy for a second Time in/re To These matters after Attorney General Steven Regine Harrassed him, embarrassed him, subjected him to ordeal, and placed him in jeopardy of life and limb at a 46 G+E bail revocation hearing where he sought to have James J. Silva adjudicated for criminal contempt pursuant to Rule 42(b) of The Rhode Island Rules of Procedore.

Attorney General Steven Regine was aware I had not posted bail or been released from my unlawful confinement and as such his prosecution was absent any reasonable hope of success on The merits. This "bad faith prosecution" was just another vindictive attempt

Prelude 2

At retaliation because This prose Petitioner has beaten him 3 Times forcing at least one change in Domestic Policy.

The actions enclosed herein qualify as "Younger exceptions" (Younger v. Harriss 401 U.S. 37 1971)

This petitioner has filed prose a 24 page motion To "Quash/Dismiss Information and Remand To The 6th Division District Court" which will be The body and bulk of This Civil Complaint and will be followed by additional Memorandum of Law and facts To bring This Honorable Court Current as To The State Proceedings.

**NOTE:** On October 12th 2004, after Attorney General Steven Regine had rested his prosecution for The State, Judge Moore ordered both A.G. Regine and my Counsel Mark Smith To provide memorandums of Law in support of Their positions as no one who has not posted bail nor been released ever been adjudicated in contempt for being a bail violator. A.G. Regine abused his powers To circumvent having To comply with Judge Moore's orders.

**NOTE:** On December 7th 2004, [redacted] Judge McGuirl Ordered AG. Regine To file a response To The following 24 page motion as yet none has been recieved. A Pattern displayed in The past.

APPENDIX:

- This Complaint Contains pages Prelude (1 and 2.)
- The 24 page motion docketed in The Providence Superior Court on case # P204-3106A and
- Supplemental pages (1-2-3-4-5)(6)
- Certification.

Since filing The previous motion on December 7th 2004, The same day Judge McGuirl appointed Joseph Decaporale To represent me, The following has happened:

I filed a motion To Dismiss The Stalking allegations, case # 6204-18930 in The 6th District Court, No response. On January 13th 2005, I am Transported To Court but I do not up into The Courtroom. I would later find out The following:

(a) For some reason unknown To me Kenneth C. Vale was appointed in place of Joseph Decaporale. I had suffered another 7 week delay.

(b) Criminal Docket Reports Reflect, "**REPRESENTATION PROBLEM**", how? On December 7th 2004, I Told Judge McGuirl I was Taking control of my own defense and whoever she appointed would be co-counsel or standby.

(c) The next court date was January 24th 2005 I was unaware of This date, not Transported To Court, and again Criminal Docket Reports Reflect, "**REPRESENTATION PROBLEM**" All These delays are being blamed on me, when Attorney General Steven Regine wasn't even **present**.

(d) The next court date is February 1st 2005 and again I am not Transported To Court but This Time The Criminal Docket Reports Reflect, "**DEFENSE NOT READY**". I still did not know at This Time Kenneth C. Vale had been appointed.

**Critical Note:** On December 7th 2004, Judge McGuirl Took **P2-04-3106A** off The Pre Trial Calendar for **1-4-2005** after The motion To Dismiss based upon double Jeopardy grounds

was filed.

(e) Now Criminal Docket Reports Reflect, "PRETRIAL CONFERENCE" February 22nd 2005, before Judge PFEIFFER. My docketed Motions To dismiss have now been delayed an Additional 11 weeks.

Steven Regine has circumvented having To file a Response To my docketed motion To dismiss in Courtroom #9 before Judge McGuirl and pushed This case back To The pre-Trial Calender before Judge Pfeiffer in another Court-Room.

This is an exact repeat of This dirty court Tactic he Tried To pull in July 2003 when I was simply brought into Court on The premise of motions To find A.G. Steven Regine and his subpoenaed witnesses prepared To go To Trial. His 3 seperate attempts That day Failed. P2002-3625A was 48 A'd and I changed Domestic Policy.

I now find P204-3106A is on The pre-Trial Calender for March 15Th 2005. What happened To my motion To dismiss and for pre-Trial Release docketed in Courtroom #9?

On February 28Th 2005, AG Steven Regine circumvents All my motions including a motion To dismiss on The grounds of double-Jeopardy on case # 6204-18930, Stalking by criminally Informationing me in Courtroom 5-6 before Magistrate William MacAtee who had recused himself from Two of my prior matters. I had been arraigned on This charge on October 7Th 2004 and did not see a lawyer for over 4 months. I was not advised of my right To an adversarial-preliminary examination and denied That critical stage, Fundamental Right, and

substantial Right as I filed The motion requesting one and it was not docketed. The 6th District Court Clerks simply ignored Them.

## :MEMORANDUM OF LAW:

As previously cited, (Roger Fain v. Ed Duff, 488 F2d 218; (1973) Fain is not asserting merely a Federal Defense To a State prosecution. He is asserting a Constitutional Right not To be Twice put in Jeopardy for The Same offense. Although double Jeopardy (if shown) would certainly be a [**15] proper defense To assert at Trial and in post conviction proceedings, The right consists of more Than having The second conviction set aside. It consists of being protected from having To undergo The rigors and dangers of a second--illegal--Trial. Double Jeopardy is not a mere defense To a criminal charge; it is a Right To be free from a second prosecution, not merely a second punishment for The same offense (Though That is obviously included in The right) The prohibition of The double Jeopardy Clause is "not against being Twice punished, but against being Twice put in Jeopardy."

Citing (Breed v. Jones 421 U.S. 519, 44 LEd 2d 346, 95 S.Ct 1779, (1975) distinguished by (Perry v. Beecher, 2004 D.N.H. 72, 2004 U.S. DIST. LEXIS 7092 (D.N.H. 2004)

[***LED HR1B] [1B] [***LEd HR14] We hold That

HN6 The prosecution of respondent in Superior Court, after an adjudicat[redacted]ory proceeding in juvenile court, violated The double Jeopardy Clause of The Fifth Amendment, as Applied To The States Through The FourTeenth Amendment.

Citing. UNITED STATES v. DIXON 509 U.S. 688; 113

Supplemental pa. (4)

S. CT. 2849; 125 LEd 2d 556; (1993) distinguished by, MAINE SUPREME JUDICIAL COURT: STATE v. FAIRFIELD, 644 A2d 1052 (1994); CONNECTICUT APPELLATE COURT: STATE v. GARVIN, 43 CONN. App. 142, 682, A2d 562 (1996)

U.S. V. DIXON pge 13 of 55 [**22] accord Whalen v. UNITED STATES, 445 U.S. 684, 694, 63 LEd 2d 715 100 S.CT. 1432 1980. So to here, The "crime" of violating a condition of release cannot be abstracted from The "element" of The violated condition.

[***LEd HN6] Contempt § 1; Criminal Law § 22

double-jeopardy -- NON SUMMARY prosecutions -- Head Note: [6A] [6B]

The double jeopardy clause of The Federal constitution's Fifth Amendment, which provides That no person may be Twice put in jeopardy for The same offense, Applies to NON SUMMARY CRIMINAL CONTEMPT prosecutions, as criminal contempt -- AT least The sort enforced Through NONSUMMARY proceedings -- is a crime in The ordinary sense.

I had been placed in jeopardy and That is why Judge Moore abused her discretion and co-conspired with Attorney General Steven Resine to violate my double Jeopardy rights on 11-9-04 when she acted like she was allowing him to withdraw The Bail violation and Contempt procedures, in The absence of counsel, against my vehement objections. (ARIZONA v. WASHINGTON) (DOWNUM V. UNITED STATES) without manifest necessity.

Wherefore, Petitioner moves This Honorable U.S. District Court for The District of Rhode Island for an immediate injunction preventing The State of Rhode Island and The Office Of The Attorney General from placing him Twice in

See also - MENNA v. NEW YORK - 423 U.S. 61; 96 S.CT. 241; 46 LEd 2d 195 (1975)
COLOMBO v. NEW YORK - 405 U.S. 9; 92 S.CT. 756; 30 LEd 2d 762; (1972)

Jeopardy and grant any other such and further relief deemed meet and just under the prevailing circumstances:

In conclusion; petitioner claims;

#1 - The arrest on July 28th 2004 and R.I. G.laws 12-29-3 section (b) 3 which allows a warrantless arrest within 24 hours on a Domestic Related offense "is unconstitutional."

#2 - he has been denied and deprived of a Critical Stage in the proceedings, a fundamental right, a substantial right, and a Rhode Island due-process right, a Rule 5-c adversarial preliminary examination. (Coleman v. Alabama.)(Powell v. Alabama)(Adams v. Illinois)(The People v. Jarod Jacob Standish, 123 Cal. App. 4th 799; 20 Cal. Rptr. 3d 458; 2004 Cal. App. Lexis 1823. October 29, 2004. Filed.)

#3 - he is about to be placed in jeopardy twice for the same offense in violation of the 5th U.S.C.A. Amendment. (Fain v. Duff)(Breed v. Jones)(Perry v. Beecher)(U.S. v. Dixon)

#4 - That he was denied the assistance of counsel on Nov. 9th 2004. In violation of the 6th U.S.C.A. Amendment.

#5 - his speedy trial rights were violated. And that all qualify as younger exceptions: (Braden v. Kentucky)

(Gerstein v. Pugh) → #6 - That his extensive pre-trial confinement is unlawful.

Dated March 15th 2005.

Respectfully Submitted,

James J. Silva - Prose
ProSe.

James J. Silva - ProSe 66350
I.S.C. H-225-Bottom
P.O. Box 8249
Cranston, RI.
02920

Supplement page (6)

: Affidavit :

During The week of March 6-12th 2005, I made a Court appearance by way of Video Court. My counsel Kenneth C Vale was in The Courtroom with a female Judge who informed me That Judge McGuirl had To attend a funeral, she wanted To hear my motions.

Attorney General, Steven Regine was not present and Kenneth C. Vale Told The Judge he was on Trial in another court. I Told This Judge I was pro/se, and That AG Regine had not filed a response as ordered by Judge McGuirl on December 7th 2004.

At This Time The Court was made aware That my next scheduled appearance was March 15th 2005. On That day I was not Transported To Court.

I have sent a letter To Kenneth C Vale Telling him I will Tolerate no more continuances and asked him for my next Court Appearance dates as well as Steven Regine's Response.

Dated March 17th 2005.

[signature]

James J. Silva - 66350
FSC - H-225 - Bottom
PO. Box 8249
Cranston, RI.
02920

## CERTIFICATION

I do hereby certify That on This The 21st day of March 2005, I did mail a verbatim hand written copy of This complaint's pages, Prelude 1 and 2, Supplement-al pages 1-2-3-4- and 5, and That I did hand deliver To Attorney General Steven Regine on December 17th 2004 The 24 page motion To Quash/Dismiss so The Office Of The Attorney General has a complete copy of This entire complaint.

March 15th 2005.

James J Silva
Pro/se.

James J. Silva - 66350
I.S.C. H-225-Bottom
PO. Box 8349
Cranston, RI.
02920

I do hereby certify That on 3[redacted]05 I hand delivered a copy of This document To A.G. Steven Regine

James J Silva.

et, al. for class action

| NAME | I.D. # | SIGNATURE |
|---|---|---|
| (a) Brandon T. Stanley | I.D. # 128178 | Brandon T Stanley |
| (b) Joseph Mrozewicz | I.D. # 73839 | Joe Mrozewicz |
| (c) Salvatore A. Romano | I.D. # 70936 | Sal Romano |

Petitioners further move To be held To a less stringent standard in Their civil Pleadings. (Haines v. Kerner 92 S.CT. 594)