UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

James J Silva                                        CASE # 04-361-S
v.                                                                05-109-S
A.T. Wall, et al.

- MOTION FOR Joinder, (Rule 18)
- MOTION FOR A Conference,
- MOTION TO Compel Class Action Certification,
- MOTION TO Appoint Counsel, [redacted]
- MOTION TO Compel Discovery,
- MOTION TO Amend Complaint, (Rule 15)
- MOTION TO Enlarge The Record.

Affidavit: On or about August 14th 2004 This STATE of Rhode Island Defendant filed a § 2254 petition asserting he was unlawfully confined as a result of a warrantless arrest and raised a Federal Question? Is [redacted] R.I.G.L. 12-29-3 section (b)(3) which allows for a warrantless arrest within 24 hours on a domestic related offense contrary to or an unreasonable application of the 4th U.S.C.A. Constitutional Amendment's requirement that no warrant shall issue except upon probable cause. Petitioner moved for Habeas Corpus Relief.

As the STATE of R.I. complaint proceeded numerous other U.S. Constitutional violations occurred (See 05-109-S § 2254 seeking pre-Trial Habeas Corpus Relief (a) The original Complaint Form § 2254 (b) The request for a class action 04-361-mh originally docketed on 12-30-04 as event #

(4)

-26 and refiled and redocketed on 1-14-05.

Attorney General Steven A. Regine continued his unlawful course of conduct which has now brought about the following U.S. Constitutional Rights Violations of the Petitioner.

- 4th Amendment Violation on [redacted] July 28th, 2004;
- A Gerstein Violation;
- A 5th Amendment Double-Jeopardy violation as a result of Adjudicatory hearings on 10-7-04 and 10-13-04 and attempted subsequent prosecutions on the same subject matter and Identical evidence, already argued;
- On 11-9-04 violation of defendant's right to have counsel present at a Critical Stage in the proceedings. 6th Amendment.
- And as of April 14th 2005 has violated this R.F. defendant's Speedy Trial Rights as well as §12-13-7;
- Defendant has also been denied a critical stage in the proceedings, a Rule 5-C adversarial preliminary examination.

The Pawtucket Police Dept, Asst Attorney General Steven A. Regine, and the Court Clerks refused or failed to docket prose motions, Tampered with criminal docket Reports, withheld evidence, are now implying I was arrested on a warrant and have altered the Attorney General's B.C.I. Records to reflect the same, erego Tampering with evidence.

It was clear that the corrupt members of the Judiciary, Attorney General's Office, Clerks Office, and the Pawtucket Police Dept, Combined would deprive me of any rights as it appears they had fixed my court appointed counsel, "Again".

So on 12-14-04 This petitioner moved This — honorable U.S. District Court for a Writ of Prohibition on Case # 04-361 ML which is now 04-361-S. To vindicate petitioner's U.S. Constitutional Rights and on December 16th 2004 Magistrate Judge, Lincoln D. Almond denied The Writ of Prohibition citing The Younger Doctrine even Though Double Jeopardy and Speedy Trial Violations are "Younger Exceptions".

On December 7th 2004, This petitioner filed a 24 page motion to Dismiss/Quash The Criminal Information pro/se on numerous grounds. Manifest necessity, due-process, double-Jeopardy, denial of Right to Counsel, as well as denial of a fundamental right, a substantial right, a statutory right, and a critical stage in the proceedings, a Rule 5-C adversarial preliminary examination.

By December 30th 2004, This had evolved into a Class action That was filed with The U.S. District Court, denied for lack of a Certification, refiled and redocketed on 1-14-05 as Event # 30, 04-361-S which is also part of The pleadings in 05-109-S a subsequent petition for pre-Trial § 2254 Habeas Corpus Relief.

This defendant was not allowed into a Courtroom or even Transported to Court even Though he was pro/se until 4-5-05 when Judge Susan McGuirl would ask for The originals of motions That he had filed pro/se and were not docketed by The clerks. At That Time she refused To grant The defendant's motions for Transcripts or To proceed Forma-Pauperis.

This petitioner's 2 previous counsel Mark Smith and Kenneth C Uale had not subpoenaed 1 piece of evidence or one witness on their client's behalf even though he had been incarcerated for almost 10 months and was preparing for his second defense.

Mark Smith stated he was to subpoena evidence and witnesses for the defense of the bail violation and Criminal Contempt hearing and never did. He also lied and said that he obtained evidence that he did not or refuses to return to the client.

Kenneth C. Uale who was sent an extensive list to aquire [redacted] did not and withdrew without surrendering numerous pieces of evidence included or alleged to be included in State's Response to Defendant's discovery Request pursuant to Rule 16.

This brings us current in the State proceedings up to May 2nd 2005. I appeared before Magistrate Keogh in Courtroom #10 of the Providence Superior Court on a motion to dismiss that was before Judge Susan McGuirl. Case #S - P204-3106A; 6204-14367, and 6204-18930 which has become P205-0362A. In/re to [redacted] continueing violations of this Petitioner's U.S. and R.I. Constitutional Rights violations which are now the issues involved in 05-109-S.

Attorney General Steven Regine and I engaged in Oral Arguement. When Magistrate Keogh learned that this was docketed in the U.S. District Court a question of Jurisdiction arose, he said if I would waive my speedy Trial rights he would not put me on the Trial Calender.

I explained to him that my Speedy Trial Rights had been violated already but I would take responsibility

for the delay from this day forward.

Faced with this "Hobson's Choice" to either be put on the Trial Calender and have my double Jeopardy Rights violated or concede and have my Speedy Trial rights violated I chose the latter.

After this argument Judge Keogh relenquised Jurisdiction to the U.S. District Court to be resolved by the Habeas Corpus Petitions.

This petitioner takes this opportunity to remind this Honorable U.S. District Court that, according to **Carafas v. Lavallee**, 391 U.S. 234, (1968) recognising the propriety of Habeas Corpus in a case in which Petitioner was in Custody when the Petition had been originally filed but had since been unconditionally released. (as in 04-170-S) and there is as of now, no final list of the situations which are appropriate for Habeas Corpus Relief and it is not the [redacted] intent of your Rules to define or limit Custody. 392 F2d at 710-711.

Your Honorable Court now has Jurisdiction without interfering in any ongoing State proceedings:

Wherefore Petitioner moves this Honorable U.S. District Court and the Honorable Judge William E Smith to schedule a conference in/re to these matters which involve the rights of all the Petitioners and are so complex the interests of Justice require they not be left to a pro/se carpenter.

Dated. May 5th 2005

Respectfully
Submitted

[signature]

Additional Note:

On case # 04-170-S The only defense The State claimed was "mootness" due To my release by Judge Michael Forte.

I am not To be left To founder in procedural morass. I am entitled To an evidentiary hearing and The appointment of counsel as well as discovery.

Certification.

I do hereby certify That on This The 5th day of May 2005 I did mail a verbatim hand written copy of This 6 page document To The Office Of The Attorney General, 150 South Main St, Providence, RI. 02903 c/o Aaron Weisman.

J Silva.

Dear Clerk: Could you please after docketing This motion, send me current Civil Docket Reports for

04-170-S

04-361-S

05-109-S

05-148-ML

05-008-T

Thank you,

James J. Silva - 66350
ISC H-225-Bottom
P.O. Box 8249
Cranston, RI. 02920

# UNITED STATES DISTRICT COURT
# FOR THE STATE OF RHODE ISLAND

A. T. Wall, et al.
[redacted] [redacted] )
)
V. )
)
James J. Silva, [redacted] )

United States District Court

Case #: S 04-361-ML-S
05-109-S
04-170-S

## PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Now comes the Plaintiff/Defendant in the above entitled action in a petition for issuance of a writ of Habeas Corpus Ad Testificandum. The petitioner states the he is incarcerated Adult Correctional Institution in Cranston, RI which would require the Director of Corrections or his agents, to bring the Petitioner to the United States District Court of Rhode Island, where he is to appear before a Justice of this Court on a motion for Conference, Joinder, Amend at a date and time set by the Court.

The Petitioner states the following in support of his petition:

1. The Providence Superior Court has Relenquished Jurisdiction;
2. Detective Napolean Gonsalves is Trapped in perjury; and
3. Attorney General Steven A. Regine has Tampered with Rhode Island's B.C.I. Records and Solicited Perjury.

Wherefore, the Petitioner request that this Honorable Court grant the relief sought and that the ends of justice would best be served by the granting of this request for a writ.

Dated: 5-5-05

Please notify of date to appear.

Respectfully Submitted,

James J. Silva, Pro Se
P.O.Box 8249
Cranston, R.I. 02920

## CERTIFICATION OF SERVICE

I, James J. Silva, hereby certify that on 5-5-05, I caused a true copy of this motion to the Office of the U.S. Attorney's Office, located at 50 Kennedy Plaza, 8th Floor, Providence, R.I. 02903

J.S.