UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES J. SILVA | : | |
| | : | |
| v. | : | C.A. 05-109S |
| | : | |
| A.T. WALL, Director, Rhode Island | : | |
| Department of Corrections, et al. | : | |

**MEMORANDUM AND ORDER**

In this matter, the Plaintiff, James J. Silva ("Silva"), filed an Application to Proceed Without Prepayment of Fees and Affidavit (Document No. 2) on March 10, 2005 (the "Application"). The Application has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). The Application contains a "Notice to Prisoner" portion which directs an incarcerated applicant to obtain a statement certified by an "appropriate institutional officer" of "all receipts, expenditures, and balances during the last six months in your institutional accounts."

In the Application, Silva indicated that he is incarcerated at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island, that he is not employed at the ACI, and has received no income in the last twelve (12) months. Silva failed, however, to attach a certified statement of his institutional accounts. Instead, Silva referred the Court to his filings in another case he has pending in this Court, Silva v. Wall, 05-08T. In that case, Silva filed the appropriate documentation which certified that Silva's inmate account had a negative balance of $1,222.74 and that during the past six months, his average balance was negative $1,172.67. The Court accepts the submissions made in Silva's other case, and on the basis of those submissions, Silva's Application (Document No. 2) is GRANTED.

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who is granted leave to proceed without prepayment of fees must pay, as an initial partial filing fee, 20% of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. After payment of the initial filing fee, the prisoner shall be required to make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the Clerk of the Court each time the amount exceeds $10.00 until the filing fee is paid in full. Id.

Accordingly, after a review of Silva's prison trust account statement, and his Affidavit filed in support of his Application to proceed *in forma pauperis*, Silva shall be assessed an initial partial filing fee of $5.00. The Adult Correctional Institution is hereby ordered to forward the initial payment on Silva's behalf. Provided Silva's prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the Clerk of this Court within twenty days of this Order. If Silva lacks sufficient funds to pay the initial fee, the initial payment shall be forwarded by the Adult Correctional Institution as soon as the balance in Silva's prison trust account equals or exceeds $5.00. Furthermore, the Adult Correctional Institution shall forward to the Clerk of this Court subsequent monthly payments of 20% of Silva's preceding month's income each time Silva's account balance exceeds $10.00. Such fees shall be forwarded until the **$250.00** filing fee is paid in full.

So ordered.

ENTER:

LINCOLN D. ALMOND
United States Magistrate Judge
August 3, 2005

BY ORDER:

Deputy Clerk