**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **C.A. No. 04-170S** |
| | : | **05-109S** |
| **A.T. WALL, ET AL** | : | |

**STATE OF RHODE ISLAND'S OBJECTION TO "PETITIONER'S MOTION FOR REMOVAL"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, objects to Petitioner's Motion For Removal.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**Certificate of Service**

I hereby certify that on the 3rd day of August, I placed a copy of the within document in the U.S. mail, postage prepaid, to James J. Silva, at his last known address of P.O. Box 8249, Cranston, RI 02920.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **CA 04-170S** |
| | : | **05-109S** |
| **A.T. WALL, ET AL,** | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S OBJECTION TO PETITIONER'S "MOTION FOR REMOVAL"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed herein, objects to Petitioner's "*Motion for Removal, (pursuant to § 1446(a)*".

Petitioner, soon to be tried in the Rhode Island Superior Court on violation-of-a-restraining-order and stalking charges (P2/04-3106A; P2/05-0362A), seeks to remove such charges to this Court pursuant to 28 U.S.C. § 1446. (*Petitioner's Motion for Removal* at 1.) The right of removal, however, is entirely statutory in nature and must be strictly construed. *See* 28 U.S.C. §1441 et seq. *and* Gorman v. Abbott Laboratories, 629 F.Supp 1196, 1198 (D.R.I. 1986). Removal, moreover, is not warranted in criminal prosecutions based solely on allegations that statutes underlying charges are unconstitutional or that a defendant was denied his constitutional rights, rather there must be a denial of defendant's civil rights. *See* 28 U.S.C. §1443[1] *and* Johnson v. Mississippi,

[1] 28 U.S.C. §1443 entitled "Civil rights cases" states
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

421 U.S. 213, 222 (1975). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, 421 U.S. at 219. *See also* Alabama v. Conley, 245 F.3d 1292, 1296 (11th Cir. 2001) *quoting* Georgia v. Rachel, 384 U.S. 780, 803 (1966)(requirement that denial of civil rights must be "manifest in a formal expression of state law" ensures that removal is only available where right can be clearly predicted and avoids prejudicing state court judges); Indiana v. Haws, 131 F.3d at 1209 ("The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law."); Michigan v. Bailey, 885 F.Supp 167, 168 (D.Mich. 1995)(statute is intended to protect a limited category of racial rights).

In the case at bar, petitioner does not appear to have alleged any violation of his civil rights whatsoever. Consequently, the State would respectfully ask that this Honorable Court deny Petitioner's request for removal.

---

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.