**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-109-S** |
| | : | |
| **A.T. WALL, DIRECTOR OF PRISONS** | : | |
| **PATRICK C. LYNCH, AS ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **RHODE ISLAND; and** | : | |
| **STEPHEN REGINE** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PLAINTIFF'S "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" AND "CIVIL COMPLAINT § 2254"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss the above-captioned "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody" and "Civil Complaint § 2254".

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Stephen Regine AAG 8/11/05

**STEPHEN REGINE, # 4691**
**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 11th day of August, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to James J. Silva, at his last known address of P.O. Box 8249, Cranston, RI 02920.

________________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES J. SILVA** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-109-S** |
| | : | |
| **A.T. WALL, DIRECTOR OF PRISONS** | : | |
| **PATRICK C. LYNCH, AS ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **RHODE ISLAND; and** | : | |
| **STEPHEN REGINE** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" AND "CIVIL COMPLAINT § 2254"**

A. Background

Petitioner is currently incarcerated at the Rhode Island Adult Correctional Institutions for want of $2,000 cash bail in Criminal Information P2-2004-3106A (violation of a protective order (*please see* R.I.G.L. § 15-15-3)) and $2,000 cash bail in Criminal Information P2-2005-0362A (felony stalking (*please see* R.I.G.L. § 11-59-2)), imposed by the Rhode Island Superior Court on October 14, 2004 and February 28, 2005 respectfully. The relevant state travel leading up to the imposition of such Superior Court bail determinations is as follows.[1]

On July 28, 2004, Petitioner was taken into the custody of the Pawtucket Police[2] on an allegation (Felony Complaint Number 62-2004-14367) that he had violated a no-

[1] The travel that follows attempts to address the questions posed by this Court in its Order of July 29, 2005.

[2] To the best of the undersigned's knowledge and belief, Petitioner arrived into the custody of the Pawtucket Police after being called by such Department and being asked whether he wanted to pursue an unrelated internal affairs investigation, and then being

contact order by engaging in certain actions with respect to his ex-wife the previous evening. When he was presented, the following day (July 29, 2004), in the Rhode Island District Court on such Complaint, it was learned that his actions had violated, not (as originally thought) a no-contact order but, a Rhode Island Family Court *Judgment Protection From Abuse Order* (*please see attached)*; and the Felony Complaint was accordingly amended by the Assistant Attorney General in the District Court that day, and the District Court (Higgins, J.) then proceeded to set $1,000 cash bail on such amended Felony Violation-of-Family-Court-Order Complaint and, additionally, imposed a no-contact order as a condition of bail.

Subsequently, while incarcerated (unable to post the $1,000 cash bail), Petitioner wrote a number of threatening letters to his ex-wife's current boyfriend.[3] As a consequence of these letters, the State alleged that he was in violation of the terms and conditions of the bail which had been set by Judge Higgins, and further that he had committed the substantive offense of stalking (District Court Felony Complaint Number 62/2004-18930). Accordingly, on September 16, 2004, he was presented as a bail violator (and held pending the violation hearing), and, on October 7, 2004, when an Attorney (Mark Smith) entered to represent him, was arraigned on the Felony Stalking Complaint (Number 62/2004-18930) and assigned $2,000 cash bail. Five days later, on October 12, 2004, the State presented to the District Court its case that Petitioner had violated the terms and conditions of the $1,000 cash bail imposed by the District Court on July 29, 2004; and Petitioner at such hearing was represented by counsel Mark Smith. At

---

taken by North Smithfield police (Petitioner was then living in North Smithfield) to the Pawtucket Police station.

[3] These letters were quite vulgar and were highly threatening.

the conclusion of that day's proceedings, the bail violation hearing was continued for the presentation of the Petitioner's case. Two days later, on October 14, 2004, Petitioner was arraigned in the Superior Court on Criminal Information P2-2004-3106A (the ripened District Court Felony Complaint Case of Felony Complaint Number 62-2004-14367), bail was set at $2,000 cash, and Attorney Mark Smith was present for the arraignment and entered his appearance on Petitioner's behalf. A number of days later, on November 4, 2004, Petitioner's attorney, Mark Smith, moved to withdraw from representing the Petitioner. (*Please see* the November 4, 2004 *Motion to Suspend Contempt and Bail Revocation Hearing*.) As a consequence of this motion, and (as earlier stated) the fact that Defendant had already been arraigned in the Superior Court on a felony violation of a protective order (P2-2004-3106A), the prosecutor opted not to proceed with the District Court (Moore, J.) bail violation hearing, which recommenced on November 9, 2004; and, on that date, the prosecutor withdrew the bail violation allegation.[4] Attorney Smith (Petitioner's counsel) was not present on that November 9, 2004 date,[5] and his motion to withdraw was ultimately granted on December 7, 2004. On January 14, 2005, new counsel – Attorney Ken Vale – was appointed to represent Petitioner on pending case P2/04-3106A, and on January 28, 2005, Mr. Vale entered his appearance. Subsequently, on February 28, 2005, Petitioner was arraigned in the Superior Court on P2-2005-0362A (felony stalking, in violation of R.I.G.L. § 11-59-2) – the ripened Felony Complaint Number 62/2004-18930 District Court case – and $2000 cash bail was set; Attorney Ken

---

[4] To the best of the undersigned's knowledge, Plaintiff objected to the State's withdrawal of the violation-of-bail allegation; no "appeal" of such action appears to have been taken.

[5] As a consequence of the bail violation allegation being withdrawn, Attorney Mark Smith's motion to withdraw was passed.

Vale represented him on this case as well, but, at Petitioner's request, only as stand-by counsel. In early March of 2005, Attorney Vale filed on Petitioner's behalf a motion (and supporting memorandum) to dismiss the P2-2005-0362A (felony stalking, in violation of R.I.G.L. § 11-59-2) case, and Petitioner filed a motion to dismiss the felony violation of a protective order (P2-2004-3106A) case. Among the grounds averred in support of Petitioner's motion was a double jeopardy contention. The State responded to the motions to dismiss on March 30, 2005.[6] (*Please see attached.*) Thereafter, on April 7, 2005, Ken Vale's motion to withdraw – predicated upon the threatening correspondence he alleged Petitioner had sent him – was granted, and the Defendant then requested of the Superior Court motion justice that he be allowed to proceed pro se in his cases. The matters were thereafter placed on the trial calendar for July 25, 2005, and the Petitioner then appeared before justice Vogel and represented to her that he now wished either to be appointed yet another attorney or be able to retain one; as a consequence, Petitioner was not ready for trial. Justice Vogel, who had been assigned both of Petitioner's cases, then continued the matter to August 15, 2005 in order to determine Petitioner's counsel requests. Currently, Petitioner's cases are pending for determination of Petitioner's willingness to hire counsel.

B. Discussion

In the instant 28 U.S.C. § 2254 action, Petitioner makes a number of assertions as to why the State should not be able to prosecute him in the Rhode Island Superior Court

[6] The Superior Court has not yet ruled on Petitioner's motions, however, because, upon information and belief, on May 2, 2005, the Petitioner asked Magistrate Judge Keough to put off determination of his submission so as to allow the federal court to hear his contentions. Petitioner was advised at that proceeding, that such request could affect his right to a speedy trial.

on his two pending cases.[7] 28 U.S.C. § 2254, however, which by its very terms refers to "a person in custody pursuant to the *judgment* of a State court" (28 U.S.C. § 2254(b)(1))(emphasis added), simply does not apply to pre-trial state custody. *See* Gonzalez v. Justices of Municipal Court, 382 F.3d 1, 6-7 (determining that "[a]s one awaiting trial on state criminal charges, the petitioner is not in custody pursuant to [a] *** judgment", and determining that § 2241, not § 2254 is, accordingly, the vehicle that might be used to challenge pre-trial state incarceration)(1st Cir. 2004)(reversed on other grounds in Gonzalez v. Justices of the Municipal Court, 125 S.Ct. 1640 (2005)); Stow v. Murashige, 389 F.3d 880, 887 (9th Cir. 2004)("Under § 2254, 'custody' must be 'pursuant to the judgment of a State court.' Only the jury (or judge sitting as a trier of fact) has the initial authority to render a determination of guilt, which is the predicate for a judgment of conviction and sentence."); Jacobs v. McCaughtry, 251 F.3d 596, 587 (7th Cir. 2001)(citing its earlier decision in Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) for proposition that "§ 2254 is the vehicle for prisoners in custody pursuant to the *judgment* of a state court, but not those in state custody; in the latter case, § 2241 remains available.")(emphasis in original). The State would respectfully suggest, then, that Petitioner, having as yet not gone to trial let alone having been convicted, is ineligible for § 2254 relief.

---

[7] What appears to be the most prominent of such contentions, is Mr. Silva's assertion that he was twice placed in jeopardy as a consequence of a criminal prosecution following a bail-violation proceeding. (*See generally* Petitioner's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody" and "Civil Complaint § 2254".) This claim, however, would appear to lack substance, as is it well-settled that a violation proceeding does not implicate double jeopardy. (*See e.g.* State v. Tucker, 747 A.2d 451, 455 (R.I. 2000)(*per curiam*)("Tucker's double-jeopardy argument is without merit" as "[i]t is well-settled that a probation-revocation hearing is not part of the criminal prosecution process").)

The State would moreover contend that since the State Superior Court has not as yet ruled upon the various issues instantly raised by Petitioner, principles of comity ought to dictate the dismissal of the instant action. (*See* In re Justices of Superior Court Dept. of Mass., 218 F.3d 11, 16-18 (1st Cir. 2000)(citing Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746 (1971) for proposition that "[t]he federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings.").)

C. Conclusion

Wherefore, for the aforementioned reasons, the State would move to dismiss the above-captioned 28 U.S.C. § 2254 action.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Stephen A. Regine AAG 8/11/05

**STEPHEN REGINE, #4691**
**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

I hereby certify that on the 11th day of August, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to James J. Silva, at his last known address of P.O. Box 8249, Cranston, RI 02920.

**STATE OF RHODE ISLAND**
**FAMILY COURT**

**JUDGMENT**
**PROTECTION FROM ABUSE**

| PLAINTIFF | D.O.B. | COUNTY |
|---|---|---|
| BARBARA CAYER | 8-11-61 | PROVIDENCE |
| DEFENDANT | D.O.B. | F.C. NO. |
| JAMES J. SILVA | 5-5-53 | P02-0094A |

1. This cause came to be heard on Plaintiff's Complaint for Protection from Abuse on 2-15-02 before ~~Judge/General~~ Magistrate SAMMARTINO after hearing it is ordered and adjudged the Plaintiff's Complaint for Protection from Abuse is granted and the Defendant is hereby:

TRUE COPY ATTEST

## ADJUDGED AND ORDERED

1. That the Defendant is restrained and enjoined from contacting, assaulting, molesting, or otherwise interfering with Plaintiff at home, on the street or elsewhere.

2. That the Defendant vacate ~~forthwith~~ that and remain out of the household ~~located at~~ of the plaintiff

7. Charles Haigh Jr.
CLERK

3. That the Plaintiff is hereby awarded temporary custody of the minor child(ren), to wit, Cameo

4. That the defendant pay to the plaintiff the support of the minor child(ren) sum of $ (open) per until

5. That Visitation suspended until further order; visitation at discretion of child.

6. That this restraining order is to remain in full force and effect until Feb 15, 2005

Approved: [signature] Justice of the Family Court 2-15-02 11:05 AM

Entered: [signature] Clerk of the Family Court

Presented by: Barbara Cayer Name (Print) [signature] Signature

If the defendant is served notice regarding the complaint and hearing, but does not appear at the hearing, the clerk of the family court will mail the defendant a copy of the resulting order.

☒ Defendant appeared. Pro Se

☐ Defendant DID NOT appear and a copy of this judgement was mailed to the defendant's last known address by the Clerk's Office on 2/15/02 Date

**A PERSON WHO VIOLATES THIS ORDER MAY BE GUILTY OF A MISDEMEANOR AND MAY BE PUNISHED BY A FINE OF AS MUCH AS ONE THOUSAND DOLLARS ($1,000) AND/OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, AND MAY BE ORDERED TO ATTEND COUNSELING.**

**A PERSON SUBJECT TO THIS ORDER WHO POSSESSES, TRANSPORTS, OR RECEIVES ANY FIREARM OR AMMUNITION MAY BE SUBJECT TO FEDERAL PROSECUTION UNDER 18 UNITED STATES CODE SECTION 922 (G)(8), PUNISHABLE BY UP TO TEN YEARS IN PRISON.**

**THIS COURT HAD JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER WHEN IT ISSUED THIS PROTECTIVE ORDER. RESPONDENT WAS AFFORDED BOTH NOTICE AND OPPORTUNITY TO BE HEARD IN THE HEARING THAT GAVE RISE TO THIS ORDER. PURSUANT TO THE VIOLENCE AGAINST WOMEN ACT OF 1994, 18 USC 2265 THIS ORDER IS VALID AND ENFORCEABLE IN ALL FIFTY STATES, ANY TERRITORY OR POSSESSION OF THE UNITED STATES, THE DISTRICT OF COLUMBIA, THE COMMONWEALTH OF PUERTO RICO AND THE TRIBAL LANDS.**

# STATE OF RHODE ISLAND
## FAMILY COURT

# TEMPORARY ORDER
## PROTECTION FROM ABUSE

| PLAINTIFF | DOB | COUNTY |
|---|---|---|
| Barbara Cayer | 8/11/61 | Providence |
| **DEFENDANT** | **DOB** | **F.C. NO.** |
| James J. Silva | 5/5/53 | P02-0059A |

**FOR USE BY THE LAW ENFORCEMENT AGENCY ONLY**

THIS ORDER WAS COMMUNICATED BY TELEPHONE, ON (DATE) ______________ FROM THE FAMILY COURT JUDGE (NAME) ______________ TO:

______________ LAW ENFORCEMENT AGENCY

______________ LAW ENFORCEMENT OFFICER

ANY TEMPORARY ORDER GRANTED BY TELEPHONE EXPIRES AT THE CLOSE OF THE NEXT BUSINESS DAY UNLESS A LONGER TIME IS GRANTED BY THE FAMILY COURT JUDGE. IF SAID LONGER PERIOD IS NOT GRANTED PLAINTIFF MUST APPEAR AT THE COURT HAVING JURISDICTION ON THE NEXT BUSINESS DAY TO REQUEST AN EXTENSION OF TIME OF THE TEMPORARY ORDER.

Pursuant to Chapter 15-15 of the General Laws of Rhode Island and upon consideration of plaintiff's complaint, (and having found that immediate and irreparable injury, loss or damage will result to the plaintiff before a notice can be served and a hearing had thereon) it is ORDERED:

- [x] That the defendant is restrained and enjoined from contacting, assaulting, molesting, or otherwise interfering with plaintiff at home, on the street or elsewhere.
- [ ] That the defendant vacate forthwith the household located at ______________
- [ ] That the plaintiff, being the (husband) (wife) of the defendant, be and (s)he hereby is awarded temporary custody of the minor child(ren), to wit, ______________
- [ ] That the plaintiff and defendant being the legal parents of the minor child(ren) plaintiff be and (s)he hereby is, awarded temporary custody of the minor child(ren), to wit, ______________
- [ ] That ______________

A hearing on the continuation of this ORDER will be held at the Family Court, Prov County, at 9:00 (AM) on 1-31-02. If the defendant wishes to be heard, (s)he will be heard at that time. If (s)he does not appear at that time, this ORDER shall remain in effect if extended by the court.

This ORDER is effective forthwith, and will remain in effect until the time and date of the above mentioned hearing.

A copy of this ORDER shall be transmitted to the appropriate local law enforcement agency forthwith, and shall be served in-hand on the defendant herein.

ENTERED as an Order of Court this 10th day of January A. D., 2002

ENTER: [signature] 1/10/02
JUSTICE

PER ORDER: Doreen R Bowen
CLERK
DOREEN R. BOWE
Deputy Clerk 1/10/02

RECEIVED
02 JAN 10 PM 2:10

Presented by:

______________
Attorney for Plaintiff

There is now pending
COMPLAINT NUMBER: ______________

A PERSON WHO VIOLATES THIS ORDER MAY BE GUILTY OF A MISDEMEANOR AND MAY BE PUNISHED BY A FINE OF AS MUCH AS $1,000.00 AND/OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE (1) YEAR, AND MAY BE ORDERED TO ATTEND COUNSELING.

DR31 (Rev. 4/99) DISTRIBUTION: WHITE - COURT YELLOW - LAW ENFORCEMENT AGENCY

# STATE OF RHODE ISLAND FAMILY COURT

# COMPLAINT PROTECTION FROM ABUSE

| PLAINTIFF | DOB | COUNTY |
|---|---|---|
| Barbara Cayer | 8/11/61 | Providence |
| DEFENDANT | DOB | F.C. NO. |
| James J. Silva | 5/5/53 | P02-00594 |

Pursuant to Chapter 15-15 of the General Laws of Rhode Island I request that the court enter an order protecting me from abuse.

1. My full name, present street address, city and telephone number are as follows: Barbara Cayer
47 Carter Ave Pawtucket RI 02861

2. My former residence, which I have left to avoid abuse, is as follows (street address and city): ________

3. The full name, present street address, city and telephone number of the person causing me abuse (the defendant) are as follows: James J. Silva
A.C.I.

4. Plaintiff has no knowledge of the pendency of other actions between the parties seeking divorce, separate maintenance, custody of children or other similar relief, (except for the following: ________ )

5. My relationship to the Defendant is as follows:
   - ☒ We (are) (~~were formerly~~) married to one another.
   - ☐ I am the defendant's (child) (parent).
   - ☒ I am a blood relative or relative by marriage of the defendant; specifically, the defendant is my husband
   - ☒ I and the defendant are together the legal parents of one (1) or more children.
   - ☐ I and the defendant have been in a substantive dating or engagement relationship within the past six (6) months in which at least one (1) of the persons is a minor.

6. On or about ________, I suffered abuse when the defendant:
   - ☐ Threatened or harmed me with a weapon: (type of weapon used: ________);
   - ☐ Attempted to cause me physical harm;
   - ☐ Caused me physical harm;
   - ☐ Placed me in fear of imminent physical harm;
   - ☐ Caused me to engage involuntarily in sexual relations by force, threat of force, or duress. Specifically, the defendant ________

7. I ask that:
   - ☒ The court order that the defendant be restrained and enjoined from contacting, assaulting, molesting, or otherwise interfering with the plaintiff at home, on the street or elsewhere.
   - ☐ The court order the defendant to immediately leave the household which is located at ________
   - ☐ The court award me temporary custody of the following minor child(ren)

   NAMES — DATE OF BIRTH

8. ☐ That the court award me support for my minor children as required by law for a period not to exceed ninety (90) days.

THAT ________

I request that the above relief be ordered without notice because it clearly appears from specific facts shown by affidavit or by the verified complaint that I will suffer immediate and irreparable injury, loss or damage before notice can be served and a hearing had thereon. I understand that the court will schedule a hearing no later than twenty-one (21) days after such order is entered on the question of continuing the temporary order.

9. I have not sought protection from abuse from any other judge of the family court arising out of the facts or circumstances alleged in this complaint.

Barbara E. Cayer
Plaintiff's Signature

1/10/02
Date

Subscribed and sworn to before me in Prov in the county of Providence in the State of Rhode Island and Providence Plantations, this 10th day of January A.D. 2002

[illegible signature]
Clerk/Notary Public

RECEIVED
JAN 10 2002 2:10
J. JOSEPH [illegible] ... CLERK

ATTORNEY CERTIFICATE

Signature of Attorney

Print Name

Address:

Date

I.D. NO.

DISTRIBUTION
WHITE - COURT
GREEN - DEFENDANT
YELLOW - LAW ENFORCEMENT AGENCY
PINK - PLAINTIFF

**HEARING DATE: NOVEMBER 9, 2004**
**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**DISTRICT COURT**
**SIXTH DIVISION**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **VS.** | : | **Case No. 62-04-14367** |
| | : | |
| **JAMES SILVA** | : | |

**MOTION TO SUSPEND CONTEMPT AND BAIL REVOCATION HEARING**

Now comes Mark L. Smith, Esquire who was court-appointed to represent the above-named defendant in the above-entitled matter.

A certain distrust has developed between the defendant and counsel to the extent that the defendant is of the opinion that he has absolutely no confidence in counsel's ability to represent the defendant in this matter and, further, that counsel is in someway conspiring with a representative of the Department of Attorney General in order to guarantee the defendant's violation and incarceration.

As a result, there is a complete discord between counsel and the defendant and, therefore, counsel moves to withdraw in compliance with the defendant's wishes.

Respectfully Submitted,

**Mark L. Smith, Esquire (#0676)**
Park Square Place, Suite 202
176 Eddie Dowling Highway
North Smithfield, Rhode Island 02896
Telephone: (401) 769-4120
Facsimile: (401) 765-6930

***Please take notice that the above case will be called for hearing in the Sixth Division District Court on Tuesday, November 9,2004 at 9:30 a.m.***

**NOTICE TO:** Stephen Regine, Esquire
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903

James J. Silva – 66350
I.S.C. P-12-Bottom
PO Box 8249
Cranston, Rhode Island 02920

**CERTIFICATION**

I hereby certify that a copy of the within motion was mailed by first class mail, postage prepaid, to the above-named on this 4th day of November, 2004.

STATE COPY

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**PROVIDENCE, Sc.** **SUPERIOR COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| *vs.* | : | **P2/04-3106A** |
| | : | |
| **JAMES SILVA** | : | |

**Objection to Motion to Dismiss**
**and**
**Memorandum in support of Motion To Dismiss**

The above-named defendant has moved to dismiss this criminal information based upon claims of due-process violations, prosecutorial misconduct, abuse of discretion, presumption of vindictiveness and a double jeopardy violation. The defendant has filed pro-se two (2) separate pleadings with regard to the request to dismiss the criminal information; 1) a 26 page typed/hand-written document styled *Motion to Dismiss/quash information and remand to the sixth division district court* and 2) a 9 page hand-written document styled *Supplemental affidavit and memorandum in support of the motion to quash/dismiss and remand.* The state has attached each document as exhibits to this memorandum.

The defendant's pleadings are rampant with allegations of being treated unfairly with regards to his arrest and treatment by the Pawtucket Police, Department of Attorney General, Court-appointed counsel and various members of the District and Superior Court. The State declines to address any of the defendant's allegations regarding due-process violations, prosecutorial misconduct, abuse of discretion and presumption of vindictiveness as these are in-appropriate grounds to move to dismiss a criminal information. Further, the State will not engage in a writing contest with the defendant regarding his baseless complaints of the criminal

justice system, which have no legal basis in law to move to dismiss a criminal information.

The State will respond to the defendant's contention that there has been a violation of the Double Jeopardy Clause of Article I, Section 7 of the Rode Island Constitution and the Fifth Amendment of the United States Constitution, which states in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause encompasses three safeguards for one accused of a crime; 1) it protects against a second prosecution for the same offense after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same offense. *United State v. Abreau,* 952 F.2d 1458 (1st Cir. 1992).

In this particular case, the defendant was arrested and presented to the District Court on complaint number 62/2004-14367 on July 29th, 2004. Thereafter, the state alleged that the defendant violated the terms and conditions of his bail based upon conduct contained in complaint number 62/2004-18930 and filed a 46(g) bail violation on September 16th, 2004. The matter proceeded to a violation of bail hearing and prior to the conclusion of the hearing, the State withdrew the 46(g) bail violation notice. The defendant claims that proceeding to this bail violation hearing placed him in jeopardy from being further prosecuted for the underlying facts of the July 27th offense of Violating a Family Court Protective order.

The defendant's argument that there has been a violation of the Double Jeopardy clause is misplaced. It is well established that a violation hearing is not part of a criminal prosecution and therefore does not give rise to the full panoply of rights that are due a defendant at trial. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484, 494 (1972); *State v. Bourdeau,* 448 A.2d 1247, 1248 (R.I. 1982). *Bourdeau* further outlines the purpose of violation hearings and indicates that the sole purpose of a violation hearing is to determine

whether a defendant has breached some condition set by the court, not to convict a defendant for a new criminal offense. As a result, a defendant is not twice placed in jeopardy for the same offense when the facts litigated at the hearing are later used to support a criminal prosecution. *Hardy v. United States,* 578 A.2d 178, 181 (D.C. Ct. App. 1990); *State v. Chase,* 588 A.2d 120 (R.I. 1991)

Based upon the clear holding of the Rhode Island Supreme Court in *State v. Chase*, the State respectfully requests that this court deny the defendant's motion to dismiss based upon a violation of the Double Jeopardy Clause.

Respectfully submitted,

STATE OF RHODE ISLAND
By Its Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

Stephen A. Regine
Assistant] Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Certification of Service

I, the undersigned, do hereby certify that on this **30th** day of **March**, 2005, I placed a copy of the within into the regular mail, postage prepaid, to James Silva, P.O. Box 8249, Cranston, RI 02920.

Stephen A. Regine

STATE COPY

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**PROVIDENCE, Sc.** **SUPERIOR COURT**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| *vs.* | : | **P2/05-0362A** |
| | : | |
| **JAMES SILVA** | : | |

**Objection to Motion To Dismiss For Lack of Probable Cause**
**And**
**Memorandum In Support of Objection**

The above-named defendant has moved to dismiss this criminal information based upon three (3) separate areas; 1) Under Rule 9.1 of the Superior Court Rules of Criminal Procedure[1] that the Information Package fails to demonstrate the existence of probable cause to believe the defendant committed the offenses charged; 2) that the defendant's conduct does not rise to the level of conduct prohibited by R.I.G.L. 11-59-2 in that there are no allegations that his conduct constitutes a "course of conduct" or "harassment" as defined by section 11-59-1 and 3) that there has been a violation of the Double Jeopardy Clause of Article I, Section 7 of the Rode Island Constitution and the Fifth Amendment of the United States Constitution. In support of the above arguments, the defendant has filed two (2) separate memorandums with the court. First, court-appointed counsel has filed motions to dismiss based upon the first and second grounds outlined above, along with an 11 page memorandum in support (*Exhibit A*) and the defendant has filed pro-se a two (2) page hand-written motion to dismiss (*Exhibit B*) based upon third ground of a

---

[1] R.I. Super. R. Crim. P. provides, in pertinent part: "A defendant who has been charged by information may, within ten days after he or she has been served with a copy of the information, move to dismiss on the ground that the information and exhibits appended thereto do not demonstrate the existence of probable cause to believe that the offense charged has been committed or that the defendant committed it."

Double Jeopardy violation. The State has attached the defendant's pleadings filed by but his court appointed counsel and by the defendant pro-se. The State has also attached a copy of R.I.G.L. 11-59-1 and 11-59-2 (*Exhibit C*).

I) **The Criminal Information and the exhibits attached clearly demonstrate the existence of probable cause to believe the defendant has violated R.I.G.L. 11-59-2.**

In deciding a motion to dismiss an information under Rule 9.1, the trial justice must examine the information and the attached exhibits to determine whether there exists probable cause to believe that the offense charged had been committed and that the defendant has committed it. State v. Aponte, 649 A.2d 219, 222 (R.I. 1994)(*per curiam*).

The probable-cause standard for a motion to dismiss is the same as that for an arrest. *Id.* Probable cause to arrest consists of facts and circumstances within the police officer's knowledge at the moment of arrest and those of which he or she "'had reasonably trustworthy information that would warrant a reasonably prudent person's believing that a crime has been committed and that the prospective arrestee had committed it.'" *Id.* (quoting State v. Usenia, 599 A.2d 1026, 1029 (R.I. 1991)).

The information and exhibits in this case put forth the following facts and circumstances:

1. On or about July 28th, 2004, Daniel Cesario received the first of four (4) hand-written letters[2] attached as exhibit D from the defendant stating "**you've had my whore wife lie about a phone call to protect your cowardly ass by putting me back in jail.**" The letter continues by stating "**I won't be here long**" and "**then I'm coming straight for you. Your time is almost up!**" The word straight is underlined twice in the letter. The letter further states in

[2] All four (4) letters are attached to the criminal information as exhibit #8. For purposes of this memornaum, the State has attached the four letters as follows:

Letter dated July 28th, 2004 as Exhibit D
Letter dated September 8th, 2004 as Exhibit E
Letter dated September 16th, 2004 as Exhibit F
Letter dated October 7th, 2004 as Exhibit G

quotation "**Straight for you**" and ends with the phrase "**I'm gonna beat your ass**". Inside the envelope, which is worded on the back "**Any Time. Any Place**", the defendant writes "**My picture and complete criminal record are posted with all the capitol police at every court house. Do you think they're afraid of little old me? Well, who's guarding you?**" Inside the envelop the defendant writes that he is aware of where Mr. Cesario lives and works and states "**Pretty soon we'll resolve our problems**" and ends the letter with the word "**Soon**". Lastly, attached to this letter is a copy of the Ten Commandments and the defendant circles number 5 which states "You shall not kill" and writes at the bottom the following "**Like I said: I'll see you both in hell, soon**" and writes again the word "**Soon**" at the bottom.

2. On or about September 8th, 2004, Daniel Cesario received the second letter attached as exhibit E from the defendant which stated "**you stupid-drunken-cowardly-lowlife piece of fucking shit**" and ended at the bottom of the page with "**You'll get it, 'Soon'" R.I.P. you piece of shit! I'm coming for you.**" On the second page of this letter, the defendant writes to Mr. Cesario the following: "**I'm coming for you soon, you low life piece of fucking shit. I'm homing in on your home – your job – and your extra-curricular activities**" and ends with "**I'll see you two soon,-in Hell. Payback is gonna be a MOTHER-FUCKER**".

3. On or about September 16th, 2004, Daniel Cesario received the third letter attached as exhibit F from the defendant, which states "**you fucked up big time, you didn't know me. But you will – you're a lowlife piece of shit and I got some advice for you. Buy a lot of life insurance so Kevin will be taken care of: Make final arrangements and or, start running. When I get out this time You are my #1 priority. I'll be calling on you. Immediately. I'm gonna show you the old me only now I'm 100 times worse. Ask around, you can even ask my whore wife. This is a 'warning' Don't be living at 341 Orient Ave.**" The letter ends with the defendant writing "**when I get out, 'scum bag'. There will be – No**

**more letters – You'll be seeing me! In person an SOON.**" Lastly, on a separate piece of paper in this letter the defendant states "**I warned you didn't I . . . I'm Coming Asshole.**"

4. On or about October 7th, 2004, Daniel Cesario received the fourth letter attached as exhibit F from the defendant that stated "**You lowlife, pussy, wimp, piece of shit. Run and give this letter to Chip you fucking Faggott**" and "'**This is a promise' As soon as I get out I'll come and see you. OK. Asshole?**" and ends at the bottom of the page with "**I will see you Soon.**" Lastly, the defendant states on the second page of this letter the following: "**Both of you start packing, you're moving to HELL**" and ends with "**I'm your worst fucking nightmare and you're in the biggest trouble of your fucking pussy life.**"

Clearly, the evidence in this case establishes the proof necessary to establish probable cause, which requires "only the probability, and not a prima facie showing, of criminal activity." State v. Pratt, 641 A.2d 732, 736 (R.I. 1994). Daniel Cesario's witness statement, which is exhibit #4 of the information package and attached as *exhibit H* states that he began receiving letters from the defendant in the early part of the summer of 2004 and received more letters in September of 2004 and that the "**letters basically consisted of unflattering comments about Barbara and threats toward me. The letters have grown more and more threatening towards me.**" Additionally, Mr. Cesario describes in his witness statement how "**the letters have made me feel more and more nervous because of the threatening nature of them. I'm afraid for my life because of the threats in the letters.**" From this evidence, the State submits that there is ample probable cause, if not evidence to show beyond a reasonable doubt, that this defendant, James Silva, on days and dates between July 28th, 2004 and October 7th, 2004 did willfully, maliciously and repeatedly harassed Daniel Cesario with the intent to place him in reasonable fear of bodily injury in violation of R.I.G.L. 11-59-2 of the General Laws of Rhode Island. See *Exhibit I* (Criminal Information P2/2005-0362A)

II) **<u>The defendant's conduct does rise to the level of conduct prohibited by R.I.G.L. 11-59-2 and clearly constitutes a "course of conduct" and "harassment" as defined in section 11-59-1.</u>**

The State submits that the criminal information contains evidence, which clearly demonstrates that the defendant harassed the victim in this case. As outlined in *State v. Breen,* 767 A.2d 50 (R.I. 2001) and *State v. Grayhurst,* 852 A.2d 491 (R.I. 2004), "stalking occurs when a person harasses another person by following 'a knowing and willful course of conduct * * * with the intent to seriously alarm, annoy, or bother the person * * * such as would cause a reasonable person to suffer substantial emotional distress, or **<u>be in fear of bodily injury</u>**." *Grayhurst,* at ---- (Emphasis Added) In this particular case, the four (4) letters written by the defendant over a two (2) month period overwhelmingly establish that he was engaged in a course of conduct, which is defined as "a pattern of conduct composed of a series of acts over a period of time, evidencing a continuity of purpose". (See R.I.G.L. 11-59-1(1)) These letters all indicate one purpose, which is to warn Daniel Cesario that the defendant is coming after him and that his life is in danger. The letters are constant in the theme that Daniel Cesario's life is in danger and that the defendant intends to harm in some manner.

Additionally, the content of the letters clearly would undoubtedly seriously alarm, annoy or bother any person and easily place a reasonable person to be in fear of bodily injury. As Daniel Cesario explains in his witness statement, "**the letters have made me feel more and more nervous because of the threatening nature of them. I'm afraid for my life because of the threats in the letters.**" To argue as the defendant does that the sending of the four (4) letters in this case did not amount to conduct of engaging in a knowing and willful course of conduct towards Daniel Cesario with the intent to seriously alarm, annoy or bother him is utterly without merit. Similarly, to argue that there is no evidence in the information package with demonstrates

that Daniel Cesario was in fear of bodily injury as a result of receiving the letters is again without merit.

**III) <u>There has been no violation of the Double Jeopardy Clause of the Rhode Island and United States Constitutions.</u>**

The defendant once again claims through his pro-se pleadings that there has been a violation of the Double Jeopardy Clause of Article I, Section 7 of the Rode Island Constitution and the Fifth Amendment of the United States Constitution, which states in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause encompasses three safeguards for one accused of a crime; 1) it protects against a second prosecution for the same offense after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same offense. *United State v. Abreau,* 952 F.2d 1458 (1st Cir. 1992).

In this particular case, the defendant was arrested and presented to the District Court on complaint number 62/2004-14367 on July 29th, 2004. Thereafter, the state alleged that the defendant violated the terms and conditions of his bail based upon conduct contained in complaint number 62/2004-18930 and filed a 46(g) bail violation on September 16th, 2004. The matter proceeded to a violation of bail hearing and prior to the conclusion of the hearing, the State withdrew the 46(g) bail violation notice. The defendant claims that proceeding to this bail violation hearing placed him in jeopardy from being further prosecuted for the underlying facts of the Stalking charge.

The defendant's argument that there has been a violation of the Double Jeopardy clause is misplaced. It is well established that a violation hearing is not part of a criminal prosecution and therefore does not give rise to the full panoply of rights that are due a defendant at trial. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484, 494 (1972);

*State v. Bourdeau,* 448 A.2d 1247, 1248 (R.I. 1982). *Bourdeau* further outlines the purpose of violation hearings and indicates that the sole purpose of a violation hearing is to determine whether a defendant has breached some condition set by the court, not to convict a defendant for a new criminal offense. As a result, a defendant is not twice placed in jeopardy for the same offense when the facts litigated at the hearing are later used to support a criminal prosecution. *Hardy v. United States,* 578 A.2d 178, 181 (D.C. Ct. App. 1990); *State v. Chase,* 588 A.2d 120 (R.I. 1991). Based upon the clear holding of the Rhode Island Supreme Court in *State v. Chase*, the State suggests that there has been no violation of the Double Jeopardy Clause in this case.

For all of the above reasons, the State respectfully requests that this Honorable Court deny the defendant's request to dismiss this criminal information.

Respectfully submitted,

STATE OF RHODE ISLAND
By Its Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

Stephen A. Regine
Assistant] Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Certification of Service

I, the undersigned, do hereby certify that on this **30th** day of **March**, 2005, I placed a copy of the within into the regular mail, postage prepaid, to James Silva, P.O. Box 8249, Cranston, RI 02920 + to atty. Kenneth Vale, Esq.

Stephen A. Regine