UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

James J. Silva

vs.

A.T. Wall, et al.

CASE NO. 04-361-S
05-109-S

: PETITIONER'S RESPONSE TO STATE'S OBJECTION TO PETITIONER'S MOTION FOR REMOVAL :

On 10/05/2004 Petitioner's Amended complaint was docketed as Event #11. The State's answer was due on 10/22/2004. The Attorney General for respondents failed to or chose not to respond.

On 6/24/2005 Petitioner filed a motion to seize Jurisdiction for Pre-Trial Habeas Corpus Relief, responses were due by 7/7/2005 and again The Attorney General for respondents failed to or chose not to respond. Included with this 6/24/2005 motion were 14 pages of attachments/exhibits which prove;

(a) Petitioner was arrested on 7-28-2004 on what The R.I. Police Departments refer to as a "24 hour". [enclosed please find exhibit P.R-1) a copy of R.I.G.Law. 12-29-3 which provides for a warrantless arrest within 24 hours on a domestic related offense. (section (b)(3)).

(b) That Police Officers Perez and Silva corroborate This in their 7/28/2004 narrative.

(c) Detective Napolean Gonsalves corroborates This in his 7/28 and 7/29/2004 narrative and later swears to This —

In his 9/30/2004 signed sworn Police Officer's Witness Statement. On 10/7/2004 and 10/13/2004 Detective Napolean Gonsalves Testified consistant with his narrative and signed sworn Police Officer's Witness Statement during a combination Bail Violation Hearing and Criminal Contempt Prosecution pursuant to R.I. Dist. Court. Crim. Rule. Proc. 46 g and Rule 42 b. (Enclosed please find exhibits P.R.-2 a copy of Rule 42 b and P.R.-3 a copy of The 9/16/2004 complaint/ Cover sheet).

Up To and including 10-13-2004, The Petitioner had been arrested for violating a no-contact-order issued by The Providence Superior Court on December 19th 2003 pursuant to 12-29-4 (enclosed please find exhibits P.R.-4 and P.R.-5) Two warrants of commitment dated 7/29/2004 and 9/16/2004.

A defense To That statutory allegation of violation of That statute 12-29-4 was begun on 10/7/04 when Mark Smith filed and argued a motion To dismiss. (enclosed please find exhibit P.R.-6).

However, allegedly on That same day 10/7/2004, Detective Napolean Gonsalves and Asst. Attorney General, Steven A Regine signed and swore To an affidavit and narrative which supported criminal Information, P204-3106 A, and Then swore,

(a) All herein was The Truth,

(b) a warrant was prepared and signed in The district Court, and (c) Then changed The statutory offense To 15-15-3 in place of 12-29-4.

In an effort To cover up This perjery someone Tampered with The Attorney General's B.C.I. records and changed Them To reflect,

Petitioner was arrested on a warrant by N. Smithfield Police on 7/28/2004.

There is no mystery why Attorney General Aaron Weisman failed to or chose not to respond to Petitioner's motion to seize jurisdiction. This Honorable U.S. District Court now has in its possession absolute irrefutable proof that Criminal Information P204-3106A is supported by a perjerous Affidavit and Narrative signed and sworn to be the truth by Asst. Attorney General, Steven A. Regine and Pawtucket Detective Napolean Gonsalves.

Attorney General Aaron Weisman's subsequent Objection to Petitioner's Motion for Removal is an insult to This Honorable Court's intelligence when he states,

> "Removal, moreover, is not warranted in criminal prosecutions based solely on allegations that statutes underlying charges are [redacted] unconstitutional"

Is he moving This Honorable United States District Court to allow the State of Rhode Island to prosecute This Petitioner on a Criminal Information when the State and This Honorable Court have the proof the supporting Affidavit and Narrative are perjerous?

This petitioner's 19 page motion for Removal makes numerous, specific, factually predicated, claims of intentional, vindictive, criminally corrupt conduct, including the withholding of alleged evidence from discovery,

The Tampering with or fabrication of evidence, by Attorney General Steven A. Regine and or others all supported by their own evidence.

However, This Honorable Court should take notice That Attorney General Aaron Weisman does not even deny or rebut That The statute in question is unconstitutional. As a matter of fact while 12-29-3 section b-3 allows for a warrantless arrest within 24 hours, 12-29-3 Section b-4 states,

"That if an arrest cannot be made within 24 hours Then The victim shall be notified of The right To file a criminal complaint and shall seek a warrant for arrest

"If There is probable cause To do so".

These 2 sections are contradictory and oxymorons.

It is perfectly clear when read in its entirety This Petitioner's U.S. and R.I. Constitutional Rights have been Trampled beyond repair, he has been unconstitutionally arrested and confined in excess of 1 year, has been denied The right To compulsory process as guaranteed by The 6th Amendment, has been deprived of life,-liberty; Property; and The consortium of his minor child without due process of law, and The Equal Protection of The laws.

The State of Rhode Island's Un-Constitutional Acts, Unlawful conducts bad faith criminal contempt prosecution, and Their denying This Petitioner of his right To present a defense —

qualify not only as an exceptional circumstance, (Wesley v. Schneckloth 55 Wash. 2d 90, 346 P2d 658, 660) but also as an extraordinary circumstance, (Kugler v. Helfant 421 U.S. 117 44 LEd 2d 15 95 S.Ct. 1524); (Courtney v. Ocean Accident + Guarantee Corporation 346 Mo. 703, 142, S.W. 2d 858, 861); (Western and Atlantic Realty Co. v. Hassler 92 GA. App. 278 88 SE 2d 559, 562) which warrant not only removal but extraordinary relief.

Furthermore, citing (TIBBS v. Florida, 457 U.S. 31; 103 S.Ct. 2211; 72 LEd 2d 652; 1982) We held That The double Jeopardy Clause precludes retrial "Once The reviewing court has found The evidence [*41] legally insufficient To support conviction. Burk's 437 U.S. at 18; Greene 437 U.S. at 24.

A.6 Steven Regines full litigation of The Stalking Allegation and The introduction of all The Stalking evidence was not going To support a criminal contempt conviction.

Collateral Estoppel would have barred The re-litigation, re-argumentation, and The re-introduction of evidence, (The letters) and whether This Petitioner was found guilty of Criminal Contempt or not-Guilty of Criminal Contempt as a result of The Trial-de-novo relitigation of The stalking allegation would have been barred. Citing, (HARRIS v. OKLAHOMA, 433 U.S. 682; 97 S.Ct. 2912; 53 LEd 2d 1054; [redacted] 1977) HN2- A person who has been Tried and convicted for a crime which has various incidents included in it cannot be a second Time Tried for one of Those incidents without being Twice placed in -

Jeopardy for the same offence.

Again citing TIBBS v. Florida, [*** LEd HR3] [3] Second, Burks and Green [****21] implement the principle that HN-8 [The] Double Jeopardy Clause forbids a second Trial for purpose of [redacted] affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks supra at 11. This prohibition lying at the core of the Clause's protections, prevents the State from honeing its Trial strategies and perfecting its evidence Through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction Through sheer governmental perseverence.

Even if as the State may claim this was a bail violation hearing and not a Criminal Contempt Prosecution The State still would have been barred from relitigating and re arsueing Those facts necessarily decided whether or not This petitioner was found to be or not to be a bail violator based upon R.I. precedent at That Time. (see STATE v. CHASE, 588 A2d 120, 121,-23 1991) where The State held, That a finding of NON-violation at a probation revocation violation hearing precludes The STATE from re-litigating The issue of a defendant's guilt or innocence during a later Criminal Proceeding. And in The (STATE v. SHELDON P. HIE 688 A2d 283 1997) further held, That even a finding of violation of probation also precluded Relitigation of Those facts necessarily decided.

That was and remains This Petitioner's defense, a defense That was denied him by The co-conspiracy, collusion, and/or The acting in concert of Judge Patricia Moore, Asst. AG. Steven A. Regine, and my Court appointed counsel, Ex AG Mark Smith.

I was denied my right To present a defense, my right To a decision of a Tribunal of my choice, and an appeal of That decision if I so chose To exercise That right. (enclosed please find exhibits P.R: 7, 8, and 9) Three letters That reveal petitioner's concerns of his court appointed counsel being fixed and communications reflecting in no way was This <u>Bail Violation and Criminal Contempt prosecution</u> To be stopped. (See P.R.-9 letter To Judge Patricia Moore)

It is clear This Petitioner had been placed in Jeopardy, was entitled To present a defense, and was preparing To do so. Petitioner's counsel Mark Smith said, This can't be easy on you. Petitioner had been subjected To The ordeal.

On 11/9/2004 in The absence of his court appointed counsel This Petitioner not only vehemently objected and argued That he had been placed in jeopardy he made sure Judge Patricia Moore acknowledged This and preserved This issue for appeal purposes.

As The Honorable Judge William E. Smith should now be fully aware after his experience with 04-170-S The State of Rhode Island does not surrender evidence Timely until They've had an opportunity draw out The Petitioner's defense and Then They simply –

fabricate, withold, or lose whatever evidence is needed for their benefit and simply re-write the transcripts also to their benefit. I will swear to this in open court. None of Rhode Island's records have any integrity and how could they, an Ex-Attorney General is now the Rhode Island Supreme Court's chief clerk and she is also Judge Mark Pfieffer's wife.

On my very first opportunity on December 7th 2004 I filed a 24 page motion to Dismiss/Quash the Criminal Information, P204-3106A and Remand back to the 6th Division District Court for completion of the Criminal Contempt Prosecution. This was filed, docketed, and then circumvented by, Judge Susan McGuirl, AG. Steven A. Regine, Magistrate Joseph Keough, Judge Mark Pfieffer, and now maybe Judge Netti Vogel.

On more than 1 occasion Petitioner has moved this Honorable U.S. District Court for discovery in order to preserve the integrity of my evidence from this arrogant, blatantly corrupt criminal justice system to no avail so I take this opportunity to cite, (Mastracchio v. Ricci, supra 498 [redacted] F.2d at 1261); and (Clark v. Lutcher, supra, 436 F.Supp. at 1272.) Consistant with the framework of prior First-Circuit-Holdings, our attention must now focus on whether the Federal Constitutional claim was actually litigated and decided by the Commonwealth Courts. That determination is based on careful scrutiny of the record, including the parties pleadings and the decisions of the various courts, lamentably, that record has -

significant gaps and ambiguities, most notably the absence of any record of the juvenile Judge's decision, that render difficult the determination of what was in fact decided. However, informed by the concerns we have outlined, any doubts must be resolved in the Plaintiff's favor.

What was litigated and what was to be necessarily decided as a result of the The combination Bail Revocation and Criminal Contempt Proceedings on October 7th and October 12th of 2004 is exactly what needs to be resolved. Citing (Paul H. Sharp v. State of Ohio Supra, 314 F2d 799 (CA6) and (Robert E. Greene v. Michigan, 315 F2d 546; 1963); where issues of fact are raised in a Habeas Corpus Proceeding, it is not permissable for the Court, without a hearing, to determine them by resort to the disputed allegations contained in the answer of the respondent. In determining a case on the Pleadings, the Court must view the Petition for Habeas Corpus in the light most favorable to the Petitioner and must accept as true the well pleaded allegations of fact.

The Attorney General's failure to respond to this Petitioner's motion to seize jurisdiction and the 14 page attachments is a virtual admission of corruption, collusion, criminal activity, and or U.S. Constitutional Rights violations.

Wherefore, Petitioner moves this Honorable Court for the following relief.

- Removal,
- To seize Jurisdiction,
- To Appoint Counsel,
- for leave To Conduct Discovery,
- for an Evidentiary Hearing,
- for a Writ of Prohibition or a Restraining Order preventing The State of Rhode Island from prosecuting Petitioner on Criminal Informations P204-3106A and P205-0362A until The previous Criminal Contempt Prosecution is completed and/or appeals are exhausted,
- for a Writ of Prohibition or a Restraining Order preventing The State of Rhode Island from prosecuting This Petitioner on Criminal Informations P204-3106A and P205-0362A until Petitioner is provided with The Rule 5 C adversarial preliminary examination as filed for and provided by The R.I. General Assembly,
- For a Temporary Restraining Order preventing The State of Rhode Island's Criminal Justice System from holding Ex-Parte P.A.C. conferences To circumvent or Tacticly delay out of existance The General Assembley's required Rule 5 C adversarial pre-liminary examination. (see exhibit PR-11)

Dated August 8th 2005

Respectfully
Submitted,

James J Sulow.

CERTIFICATION

I, the undersigned, hereby swear and certify that I have mailed a true and correct copy of the foregoing Motions to the Attorney General's Office, 150 South Main Street, Providence, RI, 02903, on the 9Th day of August 2005.

James J. Silva
Defendant, Pro Se

James J. Silva - 66350
I.S.C. F-207-Bottom
PO. Box 8249
Cranston, R.I. 02920