UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES J. SILVA | : | |
| | : | |
| v. | : | C.A. 05-109S |
| | : | |
| A.T. WALL, DIRECTOR OF PRISONS; PATRICK LYNCH, AS ATTORNEY GENERAL OF THE STATE OF RHODE ISLAND; and STEPHEN REGINE | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, James J. Silva ("Silva"), filed his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 10, 2005 (Document No. 1), which was amended on March 29, 2005. (Document No. 3) ( the "Amended Petition"). Pursuant to Rules 4 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts, District Judge William Smith issued an Order on July 29, 2005, requiring the Defendants to answer the Amended Petition and to specifically address several discrete issues. In due course, the State of Rhode Island responded and filed its Motion to Dismiss. (Document No. 13). On September 7, 2005, this matter was referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule of Court 32(c)(1). The Court has determined that no hearing is necessary. After reviewing the memoranda submitted, and performing independent research, I recommend that the State's Motion to Dismiss (Document No. 13) be GRANTED and Silva's Petition for Writ of Habeas Corpus be Dismissed.

## Facts

This Petition contains references to another pending 28 U.S.C. § 2254 Petition filed by James Silva, C.A. No. 04-361S. Both of Silva's Petitions stem from the same underlying facts. On July 27, 2004, Silva allegedly attempted to make a phone call to his ex-wife's current boyfriend. Instead, however, he spoke to his ex-wife, and he allegedly swore at her on the phone. Following the telephone conversation, his ex-wife contacted the police, claiming Silva's behavior violated a state court no-contact order.

After the Pawtucket Police Department received Silva's ex-wife's complaint, it contacted Silva and asked if he intended to pursue an unrelated, but pending, internal affairs investigation. Silva indicated that he did intend to pursue the investigation, and he voluntarily entered the Pawtucket Police Station. Once at the Station, however, he was taken into custody for violation of a no-contact order and was detained, pursuant to R.I. Gen. Laws §12-29-3, pending an appearance the following day in the Rhode Island District Court.

On July 29, 2004, Silva was presented in the Rhode Island District Court on a felony complaint for violation of the no-contact order. At that hearing, however, it was discovered that Silva was actually subject to a Rhode Island Family Court Order of Protection (the "Protection Order"), and not a no-contact order. Accordingly, the felony complaint was amended in court that day, and the District Court set cash bail of $1,000.00. The court also imposed a no-contact order as a condition of bail.

Silva did not post bail, and was subsequently held at the A.C.I. pending trial. While awaiting trial, Silva wrote several threatening letters to his ex-wife's current boyfriend. Due to the nature of those letters, the State alleged that Silva had violated his bail in that "he failed to keep the peace and

be of good behavior," and also that he had committed the substantive offense of stalking (R.I. Gen. Laws § 11-59-2). At that point, Silva had three pending charges: (1) violation of the Protection Order; (2) violation of the bail conditions; and (3) stalking. The three cases then progressed through the state district and superior courts.

In his Protection Order case, Silva was arraigned in Rhode Island Superior Court on October 14, 2004, and $2,000.00 cash bail was set. At that hearing he was represented by Attorney Mark Smith. Attorney Smith moved to withdraw on November 4, 2004, and that Motion was granted on December 7, 2004. The court then appointed Attorney Kenneth Vale to represent Silva on January 14, 2005. Attorney Vale entered his appearance on January 28, 2005. Then, on April 7, 2005, Attorney Vale moved to withdraw from the case apparently due to threatening correspondence received from Silva. Attorney Vale's Motion was ultimately granted. Currently, the charge regarding the violation of the Protection Order is pending on the Rhode Island Superior Court's trial court calendar. According to this Court's review, Silva was recently appointed new counsel in that case, but no further action has been taken.

Turning next to the bail violation case, Silva was presented in the Rhode Island District Court on September 16, 2004 and was held pending a hearing. The hearing commenced on October 12, 2004, and the State presented its case. At the hearing, Silva was represented by his former attorney, Mark Smith. At the close of the State's case, the hearing was continued for presentation of Silva's case. As noted above, however, on November 4, 2004, Attorney Smith moved to withdraw as counsel and to "suspend" the bail violation hearing. On November 9, 2004, the State opted not to pursue the bail violation allegation and withdrew its charges against Silva, apparently over Silva's

objection. There are no pending or unresolved matters in the bail violation case, as the entire matter was dismissed by the State.

Finally, in the stalking case, Silva was arraigned in Rhode Island District Court on October 7, 2004, and was represented by Attorney Smith. At that hearing, $2,000.00 cash bail was set. Attorney Smith's Motion to Withdraw was granted on December 7, 2004. Attorney Kenneth Vale represented Silva beginning on January 28, 2005. On February 28, 2005, Silva was arraigned in Rhode Island Superior Court, and $2,000.00 cash bail was set. At Petitioner's request, Attorney Vale represented Petitioner only as stand-by counsel. Nevertheless, Attorney Vale filed a Motion to Dismiss the stalking complaint in March 2005. The State responded to the Motion to Dismiss on March 30, 2005. As previously noted, Attorney Vale moved to withdraw from the case, and his Motion was ultimately granted. Petitioner then opted to proceed *pro se*, and the matters were placed on the Superior Court's trial calendar for July 2005. Apparently, Petitioner changed his mind, and subsequently requested appointment of another attorney. Pending appointment of such attorney, there have not been any further proceedings in the state court regarding the stalking charge. Therefore, this case is currently pending in the Rhode Island Superior Court.

**Standard of Review**

Silva's present Petition suffers from each of the same deficiencies detailed in this Court's November 29, 2005 Report and Recommendation for dismissal in the 04-361S case. As a threshold matter, Petitioner has not met the most basic requirements for bringing forth a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. First, § 2254 relief is available only to a "person in custody pursuant to the judgment of a State court." See 28 U.S.C. §§ 2254(a), (b)(1) and (d). There is no

state court judgment in any of Petitioner's three challenged cases. The bail violation charge was withdrawn and dismissed, and the other two cases are pending. In fact, Petitioner does not assert that there is a valid judgment, he only asserts that the various actions taken by Respondents thus far have violated his constitutional rights. Therefore, absent a state court "judgment," there is no cognizable basis for an action under Section 2254, and I recommend, for this reason, that his Petition be dismissed in its entirety.

Second, Silva has failed to meet another basic requirement for petitioning for relief under Section 2254. He has not "exhausted the remedies available in the courts of the State" as required under 28 U.S.C. § 2254(b)(1). As noted above, Silva has not obtained a valid judgment on his underlying charges, much less exhausted his appeal rights in the state courts. Because he has failed to exhaust his remedies in state court, I also recommend that his Petition be dismissed in its entirety.

These procedural deficiencies alone are sufficient grounds to dismiss the case, and the substantive arguments contained in Silva's Petition do not revive the case. The primary difference between this Petition and Silva's Petition filed in 04-361S, is that this Petition focuses on Silva's dismissed bail violation proceeding. As best this Court can decipher from his lengthy, prolix filings, he claims that the bail violation proceeding, together with the filing of the criminal information against him in the Rhode Island Superior Court, constituted double jeopardy, and that the dismissal of the bail violation charge in the absence of his counsel was an abuse of discretion and violated his right to counsel. The Court need not even reach these substantive claims, however, because of the procedural failures noted above, and also because of the Court's deference to the state court's pending criminal prosecution on the underlying charges. Like his Petition in Case No. 04-361S, at

this stage, the Supreme Court's holding in Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) restricts this Court from interfering with any matters pending in the Rhode Island Courts.[1] See Younger, 401 U.S. at 44 (policy prohibiting federal court to enjoin state court is premised on "proper respect of state functions..."). The First Circuit Court of Appeals has noted that, "[t]he applicability of comity and abstention principles to habeas proceedings is amply demonstrated by the courts' treatment of habeas petitions brought prior to conviction in the state proceedings. With only two exceptions to date, the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." In re Justices of Superior Court Dept. of Massachusetts Trial Court, 218 F.3d 11, 17 -18 (1st Cir. 2000).

Looking at Petitioner's filings as a whole, it appears that Petitioner has a sincere mistrust of the state court system, and finds fault with nearly every action taken in connection with his various cases. Similarly, Petitioner has apparently had difficulties working with his appointed attorneys. Petitioner attempts to use Section 2254 as a means of having this Court step in and remove his criminal prosecutions from the state court system. However, such a request is inappropriate under Section 2254, and improper under the comity/abstention principles outlined above. Although the

---

[1] Silva's attempts to invoke the double jeopardy and speedy trial exceptions to Younger abstention are also misplaced. The purpose of a bail revocation hearing is to determine whether a defendant has breached a condition of his bail as set by the court and not to prosecute a defendant for a distinct criminal offense. See U.S. v. Colon-Osorio, 10 F.3d 41, 45-46 (1st Cir. 1993) (prosecution for being fugitive in possession of firearms was not barred on double jeopardy grounds by earlier bail jumping conviction based on same facts). Thus, Silva was not placed in double jeopardy by the withdrawn bail violation matter. Cf. State v. Tucker, 747 A.2d 451, 455 (R.I. 2000) (double jeopardy not triggered by probation violation hearing). As to the speedy trial issue, it appears that any delay in resolving Silva's state criminal matters is due in part to his conflicts with his appointed attorneys and apparently his request, on at least one occasion on May 2, 2005, to delay those proceedings pending resolution of his habeas petitions in this Court. See also In re Justices, 218 F.3d at 18 n.5 (any request for dismissal on speedy trial grounds in habeas petition "must await the conclusion of state proceedings").

Court recognizes that Petitioner perceives there to be an ongoing miscarriage of justice, he simply has not alleged any facts entitling him to the extraordinary legal relief he is seeking from this Court at this time.

## Conclusion

For the reasons stated above, the Court recommends that the State's Motion to Dismiss (Document No. 13) be GRANTED and Silva's Amended Petition be DISMISSED in its entirety. This Court also recommends that Silva's numerous other pending Motions (Document Nos. 4, 5, 8, 11, 14, 17, 21 and 22) all be DENIED as moot in view of this recommended disposition and that Final Judgment be entered in favor of the State. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); Local Rule 32. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

LINCOLN D. ALMOND
United States Magistrate Judge
November 29, 2005