page 1

courts copy mailed 12-9-05 pm

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND.

CASES # 05-109-S
AND 04-361-S

JAMES J. SILVA
V.
A.T. WALL, ET, AL.

: OBJECTIONS TO MAGISTRATES R+R REPORTS RECIEVED 12-1 AND 12-3-2005;
: NOTICE OF APPEAL; AND
: PETITION FOR A CERTIFICATE OF APPEALABILITY :

PETITIONER FILED PROSE COMPLAINTS SEEKING PRE-TRIAL RELIEF UNDER 28 § U.S.C. 2254. MAGISTRATE JUDGE LINCOLN D. ALMOND RECOMMENDS THESE COMPLAINTS BE DISMISSED AS RELIEF IS AVAILABLE ONLY TO A "PERSON IN CUSTODY" PURSUANT TO A JUDGEMENT OF A STATE COURT". 28 U.S.C. §§ 2254 (a)(b)(1)(d).

A PRO/SE COMPLAINT IS TO BE HELD TO A LESS STRINGENT STANDARD AND TO BE LIBERALLY CONSTRUED (HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594 (1972); (WILSON V. CIVIL TOWN OF CLAYTON IND. F2d 375, 378 (7TH CIR 1988).

A CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT IS BEYOND ALL DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM THAT WOULD ENTITLE HIM TO RELIEF (CONLEY V. GIBSON, 355 U.S. 41, 45-46 78 S. CT 99, 102, 2 LEd 2d 80-84 (1957) A DISMISSAL OF A PRO/SE COMPLAINT SHOULD BE DONE WITH LEAVE TO AMEND UNLESS THE COURT CAN RULE OUT ANY POSSIBILITY, HOWEVER UNLIKELY IT MIGHT BE, THAT AN AMENDED COMPLAINT WOULD SUCCEED IN STATING A CLAIM. (SHANE V. FAUVER, 213 F3d 113, 117 (3d CIR 2000)

DISMMISSING A PRO/SE COMPLAINT FOR FAILURE TO STATE A CLAIM WITHOUT GIVING THE PLAINTIFF AN OPPORATUNITY TO AMEND IS GENERALLY ERROR. (BASROWX V. SCOTT, 136 F3d 1053, 1054 (5TH CIR. 1998) WHERE A PRO/SE COMPLAINT CONTAINS A POTENTIALLY COGNIZABLE CLAIM, PLAINTIFF SHOULD BE ALLOWED TO AMEND TO PARTICULARIZE THE CLAIM. (RAGINS V. GILMORE, 48 F SUPP 2d 566, 568 (E.D. VIRG. 1999) AND A PRISONER SHOULD BE ALLOWED TO OFFER PROOF UNLESS IT APPEARS BEYOND DOUBT THAT PRISONER CAN PROVE NO FACTS TO SUPPORT HIS CLAIM. (HAINES V. KERNER, 404 U.S. 519, 530-21 92 S.CT. 594, 595, 596 30 LEd 2d 652, 654 (1972)

A PETITION FOR A WRIT OF HABEAS CORPUS IS A § 1983 CLAIM. THE PETITIONER'S SOUGHT "MONETARY RELIEF" AND PETITIONER'S PRAYER FOR "MONETARY RELIEF" CAN REASONABLY BE VIEWED AS COVERING PUNITIVE DAMAGES TO WHICH HE MAY BE ENTITLED. PUNITIVE DAMAGES ARE NEVER AWARDED AS A MATTER OF RIGHT, THE FINDER OF FACTS, AFTER VIEWING THE ENTIRE RECORD IS CALLED UPON TO MAKE A "MORAL JUDGMENT" THAT THE UNLAWFUL CONDUCT WARRANTS SUCH AN AWARD TO PUNISH THE WRONGDOERS AND OR DETER OTHERS. (MERIWEATHER V. FAMILY DOLLAR STORES OF INDIANNA, 103 F3d 576, 582 7TH CIR (1996)

PUNITIVE DAMAGES ARE AVAILABLE IN § 1983 CASES ONLY UPON A SHOWING OF "EVIL MOTIVE" OR "INTENT", OR "RECKLESS AND CALLOUS INDIFFERENCE" TO THE FEDERALLY PROTECTED RIGHTS OF OTHERS. (SMITH V. WADE, 461 U.S. 30, 56, 75 LEd 2d 632, 103 S.CT. 1625 (1983)

THE PETITIONER / PLAINTIFFS / COMPLAINANTS HAVE MOVED THIS HONORABLE COURT FOR A JURY TRIAL TO DETERMINE PUNITIVE DAMAGES FOR VIOLATIONS OF THEIR FEDERALLY

PROTECTED RIGHTS WHICH PETITIONER "A" CLAIMS IS A RESULT OF "EVIL MOTIVE AND INTENT" WHILE ALL THE COMPLAINANTS ALLEGE CALLOUS INDIFFERENCE TOWARDS [redacted] THEIR FEDERALLY PROTECTED RIGHTS.

MAGISTRATE JUDGE LINCOLN D. ALMOND ONCE [redacted] AGAIN DOES WHAT HE BELIEVES IS HIS JOB, INTENTIONALLY AND KNOWINGLY MISSTATE FACTS, SUPPRESS LEGITIMATE ISSUES, WHILE IGNORING THE CONCRETE PHYSICAL EVIDENCE PRESENTED TO THE COURT IN ORDER TO COVER-UP FOR THE CORRUPT ASST. ATTORNEY GENERAL, STEPHEN A REGINE, AND A PAWTUCKET POLICE DETECTIVE, NAPOLEAN GONSALVES, WHO ARE INVOLVED AND CAUGHT COMMITTING THE CRIME OF FALSE SWEARING IN THEIR AFFIDAVIT AND NARRITIVE THAT SUPPORTS THE CRIMINAL INFORMATION, THAT IS THE SUBJECT MATTER OF NOT ONLY THE COMPLAINTS BUT ALSO A PETITION FOR REMOVAL THAT IS SUSPECTLY NOT EVEN MENTIONED NOR IS THE CLASS ACTION MENTIONED.

THE REAL AND TRUE FACTS: MAGISTRATE JUDGE LINCOLN D. ALMOND STATES. SEE PAGE 2 LINES 9, 10: [AND HE VOLUNTARILY ENTERED THE PAWTUCKET POLICE STATION. ONCE AT THE STATION, HOWEVER, HE WAS TAKEN INTO CUSTODY]: THIS IS AN INTENTIONAL FALSITY. PLEASE SEE EXHIBIT #11 OF EVENT #35, 04-361-S, ATTACHMENTS AS FOLLOWS.

: POLICE OFFICER'S NARRATIVE : 7-28-2004.
ON 28 JL 04 AT APPROXIMATELY 1730 HOURS CAR 209 OFFICER PEREZ AND OFFICER SILVA WERE DISPATCHED TO N. SMITHFIELD STATION TO PICK UP A PRISONER (JAMES J. SILVA. D.O.B. 5/5/53) WHO WAS WANTED BY OUR DEPARTMENT FOR VIOLATION OF A NO CONTACT ORDER ON A 24 HOUR.

CAR 209 OFFICER PEREZ AND OFFICER SILVA TRANSPORTED MR. SILVA WITHOUT INCIDENT TO THE PAWTUCKET POLICE STATION WHERE HE WAS VIEWED BY SERGEANT CRAWLEY, SEARCHED, PROCESSES, AND PLACED INTO CELL #3.
REFER TO REPORT 04-5737-OF

ALSO SEE PAGE 4 OF AN 11-5-05 MOTION, 04-361-S. AND 05-109-S FOR IMMEDIATE HABEAS CORPUS RELIEF AND TO SENSURE ASST. ATTORNEY GENERAL STEVEN A. REGINE, AND MOTION TO EXPAND THE RECORD BASED UPON NEWLY AQUIRED EVIDENCE. PERTAINANT PARTS OF TAPE RECORDING 10-7-04 CA #6204-14367 AND 6204-10930. ASST. ATTORNEY GENERAL STEPHEN A. REGINE QUESTIONING PAWTUCKET DETECTIVE NAPOLEAN GONSALVES.

ASST. AG REGINE: HAD YOU LOCATED FOR AN ADDRESS THAT YOU SUSPECTED HE WAS AT?

GONSALVES: I BELIEVE IT WAS 65 MAIN ST. NORTH SMITH FIELD.

ASST. AG REGINE: AND AT SOME POINT WAS HE ARRESTED BY ANY LAW ENFORCEMENT AGENCY?

GONSALVES: YES, NORTH SMITH FIELD TOOK HIM INTO CUSTODY.

ASST AG REGINE: AT WHAT TIME?

GONSALVES: I BELIEVE IT WAS, APPROXIMATELY 1709 HOURS, 5. OCLOCK, SOMEWHERE THEREABOUTS.

LATER ON ON THIS SAME DAY OCTOBER 7TH 2004 ASSISTANT ATTORNEY GENERAL STEVEN A REGINE AND DETECTIVE NAPOLEAN GONSALVES WOULD SIGN AND SWEAR TO AN AFFIDAVIT AND POLICE OFFICERS NARRATIVE (WHICH AMOUNTS TO FALSE SWEARING) THAT SUPPORTS CRIMINAL INFORMATION P204-3106A AS FOLLOWS.

ASST AG. STEVEN A. REGINE QUESTIONING DETECTIVE NAPOLEAN GONSALVES OF THE PAWTUCKET POLICE DEPT 10-7-04 CASE #S 6204-18930 AND 6204-14367. FROM THE TAPES. PERTAINANT PARTS ONLY:

(A)

ASST. AG. REGINE: DID YOU EVER GO TO ANY JUSTICE OF THE PEACE, SUPERIOR COURT, OR DISTRICT COURT JUSTICE AND ASK THAT THE ARREST WARRANT THAT YOU HAD PREVIOUSLY PREPARED BE, UM, SIGNED?

DETECTIVE GONSALVES: NO.

(B)

ASST. AG. REGINE: REGARDLESS, WHAT EVER YOU PUT IN, IT WAS NEVER SIGNED?

DETECTIVE GONSALVES: NO.

HOWEVER THE POLICE NARRATIVE, SEE EVENT #35, OF 04-361-S ATTACHMENTS EXHIBIT # 13 WHICH IS PAGE 16 AS FOLLOWS PERTAINANT PARTS.

PARAGRAPH #2

A WARRANT WAS PREPARED AND SIGNED IN DISTRICT COURT FOR THE ARREST OF DEFENDANT.

THIS EVIDENCE AND THESE DOCUMENTS ARE AND HAVE BEEN IN THE COURT'S AND LINCOLN D. ALMOND'S POSSESSION. MAGISTRATE JUDGE LINCOLN D. ALMOND IS ONCE AGAIN INVOLVED IN AN ATTEMPTED COVERUP. HE THEN GOES ON TO MISIDENTIFY THE OCTOBER 7TH AND 12TH AND NOVEMBER 9TH 2004 PROCEEDINGS FOR WHAT THEY ACTUALLY WERE, A CRIMINAL CONTEMPT PROSECUTION AND BAIL REVOCATION, "COMBINED". SEE ATTORNEY GENERAL STEVEN A REGINE'S OWN EXHIBIT INCLUDED IN HIS AUGUST 11TH 2005 MEMORANDUM IN/RE TO 05-109-S MARK SMI-

"MOTION TO SUSPEND CONTEMPT AND BAIL REVOCATION HEARING" PAGE 3 LINE 8. BUT ALSO NOW RECITING VERBATIM FROM THE OCTOBER 7TH 2004 MOTION TO DISMISS THAT WAS HELD PRIOR TO BEGINNING THE THE BAIL REVOCATION AND CRIMINAL CONTEMPT PROSECUTION.

ASST AG. STEVEN A REGINE: FROM THE TAPES:

THE STATE SUBMITS ALTHOUGH NOT BEFORE THIS COURT BECAUSE THIS IS A 46(g) AND THE STATE SUBMITS A 46 e AND 42(b) HEARING **FOR BOTH CONTEMPT** AND MOVING TO REVOKE BAIL.

MAGISTRATE JUDGE LINCOLN D. ALMOND IS TRYING TO COVER UP AND PREVENT THE INTRODUCTION OF A UNITED STATES SUPREME COURT CONTROLLING PRECEDENT INTO THE RHODE ISLAND SYSTEM. UNITED STATES V. ALVIN DIXON AND MICHAEL FOSTER, 509 U.S. 688; 113 S.CT. 2849; 125 LEd 2d 556; 1993) WHICH HOLDS;

CONTEMPT § 1 CRIMINAL LAW § 22

THE DOUBLE JEOPARDY CLAUSE OF THE FEDERAL CONSTITUTION'S FIFTH AMENDMENT, WHICH PROVIDES THAT NO PERSON MAY BE TWICE PUT IN JEOPARDY FOR THE SAME OFFENSE, APPLIES TO NON-SUMMARY CRIMINAL CONTEMPT PROSECUTIONS, AS CRIMINAL CONTEMPT AT LEAST THE SORT ENFORCED THROUGH NON-SUMMARY PROCEEDINGS IS A CRIME IN THE ORDINARY SENSE.

MAGISTRATE JUDGE LINCOLN D. ALMOND'S FALSITIES, COLLUSIVE AND OR CO-CONSPIRATORIAL, SUSPECT, ACTIONS AND OR INACTIONS CONSTITUTE CONDUCT THAT IS PREJUDICIAL TO THE EFFECTIVE AND EXPEDITIOUS ADMINISTRATION

OF THE BUSSINESS OF THE COURT AND AS SUCH THIS COMPLAINANT HAS TAKEN THE PROPER LEGAL REMEDY.

MAGISTRATE LINCOLN D. ALMOND DOES NOT MENTION;

(a) THE CLASS ACTION;
(b) THE REMOVAL PETITION;
(c) IS 12-29-3 SECTION (b) (3) CONTRARY TO OR AN UNREASONABLE APPLICATION OF THE 4TH AMENDMENT;
(d) IS RHODE ISLAND VIOLATING THE CLASS ACTION PARTIES GERSTEIN RIGHTS;

ALL FEDERAL QUESTIONS RAISED BY THIS HABEAS CORPUS PETITION.

FURTHERMORE, THIS PETITIONER MOVED MAGISTRATE JUDGE LINCOLN D. ALMOND TO MODIFY HIS CLAIM FOR RELIEF FROM § 2254 TO § 2241 OR ANY OTHER STATUTE THAT WOULD ENTITLE HIM/THEM TO RELIEF.

LINCOLN D. ALMOND IS IN EFFECT DENYING RELIEF TO ALL THE PARTIES OF THE CLASS ACTION BY PROCCEDURALLY DISMISSING THIS PETITIONER'S CLAIM. PRO/SE PLAINTIFFS SHOULD BE GIVEN AN OPPORATUNITY TO AMEND THEIR COMPLAINTS UNLESS IT CLEARLY APPEARS DEFICIENCY CANNOT BE OVERCOME BY AMENDMENT. (CAMPBELL V MAINE, 787 F2d 776-778. (1ST CIR. 1986)

WHEN THIS PETITIONER FINALLY RECIEVED PREVIOUSLY WITHELD EVIDENCE, THE TAPE RECORDINGS OF THE 10-17-04; 10-12-04; AND 11-9-04 HEARINGS FROM SUPERIOR COURT JUDGE NETTI VOGEL I IMMEDIATELY MOVED THIS HONORABLE COURT TWICE TO EXPAND THE RECORD.

PETITIONER NOW MOVES THE HONORABLE JUDGE WILLIAM E. SMITH TO STAY ANY DECISION UNTIL HE HEARS THE TAPE RECORDINGS, OR VIEWS THE TRANSCRIPTS SO HE CAN KNOW THE TRUTH WHICH IS THE CRIMINAL INFORMATION, P204-3106A, WHICH IS THE SUBJECT MATTER OF PETITIONERS CONFINEMENT IS PERJUROUS AND FALSE SWEARING. AND MAGISTRATE JUDGE LINCOLN D. ALMOND KNOWS THIS.

WHEREFORE, THE PETITIONER MOVES THIS HONORABLE COURT GRANT THIS AND ANY OTHER SUCH AND FURTHER RELIEF DEEMED MEET AND JUST UNDER THE PREVAILING CIRCUMSTANCES INCLUDING BUT NOT LIMITED TO THE REJECTION OF TWO R+R REPORTS DATED 11-29-05 IN/RE TO 04-361-S AND 05-109-S.

December, 5th 2005.

Respectfully Submitted,

James J Silva.

: CERTIFICATION:

I, James J. Silva do hereby certify That on This The ~~5th~~ 7th P.S. Day of December 2005 I did mail a True and Accurate copy of The enclosed 8 page objection/motion To The Office Of The Attorney General c/o Stephen A. Regine AT 150 South Main St. Providence RI 02903 and MARC DeSisto Esq. AT 311 Angel ST. Providence, RI 02906-2563.